RON CUZZE; BRIAN DIAS; AND TERENCE JENKINSON, APPELLANTS, *v.* UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA, A NEVADA PUBLIC ENTITY; AND THE UNIVERSITY OF NEVADA, LAS VEGAS, A NEVADA PUBLIC ENTITY/INSTITUTION, RESPONDENTS.

No. 46449

December 13, 2007 172 P.3d 131

[Rehearing denied January 31, 2008]

*Kirk T. Kennedy*, Las Vegas, for Appellants.

*Richard C. Linstrom*, General Counsel, and *Marc P. Cardinalli*, Assistant General Counsel, Las Vegas, for Respondents.

Before MAUPIN, C. J., DOUGLAS and CHERRY, JJ.

## OPINION

By the Court, CHERRY, J.:

### INTRODUCTION

In this appeal, involving a deficient record, we reiterate our oft-stated rule that appellant bears the responsibility of ensuring an accurate and complete record on appeal and that missing portions of the record are presumed to support the district court's decision. As appellants have failed to provide, in the record, their opposition to the summary judgment motion, we necessarily affirm the district court's order granting summary judgment. In doing so, we clarify the burdens of proof and production that pertain to summary judgment.

Additionally, as appellants did not include, in the record, their opposition to respondents' attorney fees motion, we necessarily affirm the district court's order granting attorney fees. Although not necessary to our disposition, in order to provide guidance to the district courts when considering an attorney fees award under 42 U.S.C. § 1988, we explain the appropriate standard to be used in determining whether to award such fees to civil rights defendants and the proper method for determining a reasonable amount of fees.

## FACTS

Appellants Ron Cuzze, Brian Dias, and Terence Jenkinson were employed as police officers by the University of Nevada, Las Vegas (UNLV). Appellants filed a complaint in the district court against respondents, the University and Community College System of Nevada (UCCSN) and UNLV, for civil rights violations under 42 U.S.C. § 1983, invasion of privacy/false light, defamation, intentional infliction of emotional distress, and negligence. The complaint was grounded on the following factual allegations. In the spring of 1999, appellants were involved in the arrest of UNLV student Leroy Hudson. Following his arrest, Hudson accused appellants of police misconduct, and the event was widely publicized by the local media, including the UNLV-funded newspaper, *The Rebel Yell*. A second incident occurred in the fall of 1999 when, during a concert on UNLV's campus, appellants detained and questioned Denise Jaramillo, a UCCSN student. Officer Dias was disciplined over the incident. Subsequently, a UNLV student group, the Multicultural Student Affairs Organization, published and distributed flyers protesting the UNLV police department's treatment of Hudson and Jaramillo. According to appellants, the flyers were defamatory and funded by UNLV.

In December 1999, Officer Jenkinson detained Jay and Jerry Doan on suspicion of scalping tickets on UNLV's grounds. According to appellants, during the incident, Jerry Doan struck Officer Jenkinson; however neither of the Doans was arrested. Although no disciplinary action was taken against Officer Jenkinson, appellants maintain that UNLV later sent a letter to the Doans apologizing for the incident.

In March 2000, appellants searched a UNLV dormitory. Following the search, appellants and other officers involved in the search were purportedly criticized by respondents for revealing information related to an ongoing investigation. A *Las Vegas Review-Journal* article ostensibly quoted UNLV Regent Doug Hill as stating that the officers involved, including appellants, acted like "Keystone Cops" and that they "flagrantly violated" departmental procedures during the raid.

According to appellant Cuzze, in 2000, a UNLV Vice President interfered with Cuzze's investigation into reported sexual assault and rape incidents occurring on campus. Later, during a meeting with UNLV police officers, including appellants, former UNLV President Carol Harter purportedly spoke concerning the recent events and police morale, indicating that the UNLV administration knew who the "troublemakers" were and that efforts would be taken to remove them. Thereafter, a file labeled "Harter/Ackerman" and containing a list of eight officers, including appellants, was allegedly found at the police office.

Respondents ultimately moved for summary judgment, and the district court granted the motion. Subsequently, on respondents' motion, the district court awarded respondents attorney fees under 42 U.S.C. § 1988 and costs. Appellants appeal from both orders.

## DISCUSSION

### Standard of review

This court reviews an order granting summary judgment de novo.[1] We have previously explained that summary judgment is appropriate "when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, that are properly before the court demonstrate that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law."[2] With respect to burdens of proof and persuasion in the summary judgment context, we follow the federal approach outlined in *Celotex Corp. v. Catrett*.[3] The party moving for summary judgment bears the initial burden of production to show the absence of a genuine issue of material fact.[4] If such a showing is made, then the party opposing summary judgment assumes a burden of production to show the existence of a genuine issue of material fact.[5] The manner in which each party may satisfy its burden of production depends on which party will bear the burden of persuasion on the challenged claim at trial.[6] If the moving party will bear the burden of persuasion, that party must present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence.[7] But if the nonmoving party will bear the burden of persuasion at trial, the party moving for summary judgment may satisfy the burden of production by either (1) submitting evidence that negates an essential element of the nonmoving party's claim,[8] or

---

[1]*Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

[2]*Id.* at 731, 121 P.3d at 1031.

[3]477 U.S. 317 (1986); *see Clauson v. Lloyd*, 103 Nev. 432, 743 P.2d 631 (1987) (explaining *Celotex*'s application in Nevada); *see also Wood v. Safeway, Inc.*, 121 Nev. 724, 731-32, 121 P.3d 1026, 1031 (2005) (adopting the summary judgment standard set forth in *Celotex* and other Supreme Court decisions).

[4]*Celotex*, 477 U.S. at 323.

[5]*Id.* at 331 (Brennan, J., dissenting) (rejecting the majority's application of the summary judgment rule to the facts at hand, but not its explanation of the rule); *Wood*, 121 Nev. at 732, 121 P.3d at 1031; *Maine v. Stewart*, 109 Nev. 721, 726-27, 857 P.2d 755, 758-59 (1993).

[6]*Celotex*, 477 U.S. at 322-24.

[7]NRCP 56(a), (e).

[8]*Celotex*, 477 U.S. at 331 (Brennan, J., dissenting) (agreeing with the majority's analysis of the summary judgment standard but clarifying what is required of a party seeking summary judgment on the ground that the nonmoving party cannot prove its case).

(2) ''pointing out . . . that there is an absence of evidence to support the nonmoving party's case.''[9] In such instances, in order to defeat summary judgment, the nonmoving party must transcend the pleadings and, by affidavit or other admissible evidence, introduce specific facts that show a genuine issue of material fact.[10]

*Application of summary judgment standards*

In this case, appellants, as plaintiffs below, bore the burden of persuasion at trial. Thus, respondents, in moving for summary judgment, properly pointed to the absence of evidence to support appellants' causes of action. Once respondents pointed to this evidentiary deficiency, appellants had the burden of presenting evidence showing a material issue of fact.

Although appellants had the burden below of presenting evidence that would support the existence of a material fact with respect to at least one claim, they have failed to include their opposition to respondents' motion in the record on appeal.[11] This court has previously explained that it generally cannot consider matters not contained in the record on appeal.[12] Additionally, this court has made it clear that appellants are responsible for making an adequate appellate record.[13] NRAP 30(b)(3) provides, in pertinent part, that an appellant's appendix must include any portion of the record that is necessary for this court's determination of the issues raised on appeal. When an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision.[14]

In the instant case, appellants' appendix includes, among other things, their answers to interrogatories, and a copy of a *Las Vegas Review-Journal* newspaper article, but no opposition to the sum-

---

[9]*Id.* at 325 (majority opinion).

[10]*Wood*, 121 Nev. at 732, 121 P.3d at 1031.

[11]Appellants also failed to include respondents' summary judgment motion and reply to appellants' opposition and respondents' motion for attorney fees and costs and the opposition and reply to this motion. Although respondents filed an appendix that includes some of these documents, respondents did not include appellants' oppositions to either the summary judgment motion or the attorney fees motion. Consequently, these two documents are not before us.

[12]*Carson Ready Mix v. First Nat'l Bk.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981); *cf. Nevada Gold & Casinos v. American Heritage*, 121 Nev. 84, 89, 110 P.3d 481, 484 (2005) (concluding that this court could consider relevant uncontested facts outside of the record on appeal in determining whether appellants had waived their appeal).

[13]*Carson Ready Mix*, 97 Nev. at 476, 635 P.2d at 277; *Prabhu v. Levine*, 112 Nev. 1538, 1549, 930 P.2d 103, 111 (1996).

[14]*Prabhu*, 112 Nev. at 1549, 930 P.2d at 111.

mary judgment motion. Without the opposition, these documents have no context, and we are unable to discern, with any certainty, that they were even submitted with the opposition.[15]

In their answering brief, respondents point out that appellants failed to include necessary documents in their appendix. Despite this notice, appellants failed to take any steps to supplement their appendix with the missing documents. As appellants have failed to include, in the record, their opposition to respondents' summary judgment motion, we necessarily presume that this opposition failed to introduce admissible evidence of specific facts showing that a genuine factual issue exists for trial. We therefore affirm the district court's order granting summary judgment.[16]

## Attorney fees

As with the summary judgment motion, appellants have failed to include in the record their opposition to respondents' attorney fees and costs motion. Accordingly, as we have no way to meaningfully review the district court's order for error, we necessarily presume that the missing opposition supports the district court's decision. And although we affirm the district court's attorney fees and costs order on this basis, we include the following discussion in order to provide guidance to district courts when considering whether to award attorney fees under 42 U.S.C. § 1988.

Below, the district court granted summary judgment to respondents on appellants' claim that their constitutional rights were violated under 42 U.S.C. § 1983. Additionally, the district court granted respondents their attorney fees under 42 U.S.C. § 1988(b), which provides that ''[i]n any action or proceeding to enforce . . . section[ ] . . . 1983 . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.''

Section 1988 gives the court discretion to award fees to a prevailing party in a § 1983 action, but the United States Supreme

---

[15]For instance, during the hearing on respondents' summary judgment motion, appellants' counsel mentioned that several copies of newspaper articles were included with the opposition. These articles were not further described, however, and although appellants' appendix includes a copy of one newspaper article, we cannot determine whether it was submitted with the opposition.

[16]Although respondents, in their answering brief, seek sanctions for appellants' derelictions, we decline to impose sanctions, as we are necessarily affirming the district court's order on this basis. Additionally, even though respondents were not required to supplement the record with all the missing documents, see NRAP 30(b)(4) (stating that a respondent's appendix ''may contain any documents which should have been but were not included in the appellant's appendix''), respondents' decision to omit the summary judgment opposition from their appendix militates against the imposition of sanctions.

Court has determined that such attorney fees are available to a § 1983 defendant only when the plaintiff's claim is "meritless in the sense that it is groundless or without foundation."[17] Thus, the Court has stated that " 'a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.' "[18] Otherwise, as explained by the Court, assessing attorney fees against a losing plaintiff would undercut Congress' purpose in promoting the enforcement of civil rights.[19]

In this case, after noting that appellants had conceded that they had no cause of action under § 1983, the district court determined that respondents were immune from any § 1983 claim. According to the district court, because the Eleventh Amendment bars § 1983 actions against the state, absent a waiver, and Nevada has not waived its Eleventh Amendment immunity, appellants' claim was barred. The court also determined that neither respondent could be considered a "person" under § 1983, which provides redress to those who are deprived of their rights by any "person" acting under color of state law. The district court then found that appellants' § 1983 claim was "frivolous, vexatious and without foundation" and that attorney fees were warranted on this basis.

We have previously recognized that the Eleventh Amendment protects a state from federal court actions, not state court actions, and thus, it does not apply to § 1983 claims filed in state court.[20] Consequently, the district court incorrectly relied on Eleventh Amendment immunity in determining that appellants' § 1983 claim was groundless. Even so, the district court properly concluded that respondents are not "persons" under § 1983. The State of Nevada is not a "person" for § 1983 purposes,[21] and respondents are state entities.[22] Thus, respondents cannot be sued under § 1983.[23]

---

[17]*Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

[18]*Id.* at 15 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).

[19]*Id.*

[20]*Pittman v. Lower Court Counseling*, 110 Nev. 359, 362-63, 871 P.2d 953, 955 (1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)), *overruled on other grounds by Nunez v. City of North Las Vegas*, 116 Nev. 535, 1 P.3d 959 (2000).

[21]*Id.* at 363, 871 P.2d at 956 (citing *Northern Nev. Ass'n Injured Workers v. SIIS*, 107 Nev. 108, 807 P.2d 728 (1991)); *Will*, 491 U.S. at 64 (explaining that the statutory term "person" does not include the sovereign).

[22]*Simonian v. Univ. & Cmty. Coll. Sys.*, 122 Nev. 187, 194, 128 P.3d 1057, 1061 (2006); *see also Johnson v. University of Nevada*, 596 F. Supp. 175, 177-78 (D. Nev. 1984).

[23]*Pittman*, 110 Nev. at 363, 871 P.2d at 956.

The district court therefore had a valid legal basis for determining that appellants' claim lacked foundation and that § 1988 attorney fees were available.

 █

When reviewing an attorney fees award under § 1988, we examine whether the district court abused its discretion.[24] Although the district court has significant discretion in determining the amount of fees to be awarded, the Supreme Court has developed a rubric for evaluating the fee amount. In *Burlington v. Dague*,[25] the Court explained that the "lodestar" figure, which represents the number of reasonable attorney hours times a reasonable hourly rate, has "become the guiding light of [its] fee-shifting jurisprudence" and that it has "established a 'strong presumption' that the lodestar represents the 'reasonable' fee."[26] As the Supreme Court recognized in *Blum v. Stenson*,[27] although this lodestar amount is presumed to represent an appropriate fee, it may be adjusted upward or downward under certain circumstances.[28]

 █

In the instant case, the district court properly determined the lodestar amount, finding that the $250 per hour fee claimed by respondents' counsel was reasonable.[29] The court then considered

---

[24]*University of Nevada v. Tarkanian*, 110 Nev. 581, 590, 879 P.2d 1180, 1186 (1994).

[25]505 U.S. 557 (1992).

[26]*Id.* at 559, 562.

[27]465 U.S. 886, 888 (1984).

[28]*See also Tarkanian*, 110 Nev. at 594-95, 879 P.2d at 1188-89.

[29]We note that appellants contend that the $250 per hour rate was excessive, pointing to an affidavit signed by a Deputy Attorney General for the Nevada Attorney General's Office. According to this affidavit, the Attorney General's Office, which represented other State of Nevada defendants in the related federal court litigation, charged state agencies approximately $91 per hour at the time the present case was filed. Appellants assert that since the Attorney General's Office charges about $91 per hour for attorney billing, respondents' attorneys should be limited to this amount as well.

Although we need not consider this contention, we note that it would have us disregard well-established precedent from the United States Supreme Court on this federal attorney fees statute, something we are constitutionally prohibited from doing. Nev. Const. art. 1, § 2; *Secretary of State v. Give Nevada A Raise*, 120 Nev. 481, 484, 96 P.3d 732, 734 (2004); *cf. Otis Elevator Co. v. Reid*, 101 Nev. 515, 522 n.3, 706 P.2d 1378, 1382 n.3 (1985) (noting that Nevada Supreme Court is not bound to apply decision of United States Supreme Court expressly predicated on federal law to claims arising under state law). In *Blum*, the Court determined that "Congress did not intend the calculation of [attorney] fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization."

whether this amount should be reduced or enhanced and ultimately concluded that the appropriate amount of attorney fees was $21,500.[30] The district court acted well within its discretion in determining the amount of attorney fees to award under § 1988.[31]

## CONCLUSION

Presuming that oppositions missing from the record on appeal would support the district court's decisions, we affirm the district court's orders granting summary judgment for respondents and awarding attorney fees and costs.

MAUPIN, C. J., and DOUGLAS, J., concur.

---

465 U.S. at 894. Instead, the Court explained, reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895, 896 n.11. Thus, a lawyer's position as a government attorney has no bearing on the fees that may be recovered under § 1988.

[30]The district court stated that it was relying on the Ninth Circuit Court of Appeals' factors in assessing § 1988 fees, articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). As acknowledged by a more recent Ninth Circuit decision, one *Kerr* factor, and possibly two, has been disavowed by the United States Supreme Court. *See Davis v. City and County of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992) (noting that the Supreme Court has deemed irrelevant to a § 1988 attorney fee's claim the fixed or contingent nature of the fee and has cast "doubt on the relevance of a case's 'desireability' to the fee calculation" (citing *Dague*, 505 U.S. at 563)), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). The district court did not rely on these two factors, however.

[31]According to respondents, appellants never challenged the number or nature of claimed attorney hours. Appellants do not raise this issue in their opening brief. Because we presume that the missing opposition supports the district court's attorney fee order, we do not address whether any hours spent on non-§ 1983 claims are properly included in a request for attorney fees under § 1988. We note, however, that such hours may not be compensable. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983) (concluding that an attorney's work on a civil rights plaintiff's unsuccessful claim that is based on facts and theories distinctly different from the civil rights claim cannot be compensated); *Davis*, 976 F.2d at 1542-43 (noting the parties' agreement that hours spent on non-civil rights claims should not be included in the lodestar amount).