An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

AMADEO J. SANCHEZ,
Appellant,
vs.
THE STATE OF NEVADA, IN
RELATION TO THE NEVADA
DEPARTMENT OF CORRECTIONS;
AND CHARLES MAHAKIAN,
Respondents.

No. 62484

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court summary judgment in a civil rights action. Seventh Judicial District Court, White Pine County; Dan L. Papez, Judge.

This court reviews de novo whether the district court properly granted summary judgment. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "Summary judgment is appropriate . . . when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks and alteration omitted). When deciding a motion for summary judgment, "the evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party." *Id.*

Having considered appellant's proper person appeal statement and the record on appeal, we conclude that summary judgment was properly granted on appellant's Eighth Amendment claim, as respondents submitted evidence sufficient to establish that Dr. Mahakian did not act with a subjectively culpable state of mind. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (recognizing that a plaintiff alleging a 42 U.S.C. § 1983

14 - 24060

claim for violation of the Eighth Amendment must show that the defendant acted with "deliberate indifference to serious medical needs"). Specifically, respondents submitted evidence showing that Dr. Mahakian believed the drug Depakote to be safe for a patient with appellant's medical record and that Dr. Mahakian promptly discontinued the prescription upon appellant's request.

In the absence of contrary evidence submitted by appellant, this evidence entitled respondents to judgment as a matter of law on appellant's claim. *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) (recognizing that when the party moving for summary judgment will not bear the burden of persuasion on an issue, that party may satisfy its summary judgment burden by "submitting evidence that negates an essential element of the nonmoving party's claim"). We acknowledge that appellant's proffered contrary evidence calls into question the objective reasonableness of Dr. Mahakian's belief that Depakote was safe for appellant. We conclude, however, that it would be unreasonable to infer from this evidence that Dr. Mahakian was deliberately indifferent to the risks inherent in prescribing Depakote to appellant. *Estelle*, 429 U.S. at 106; *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (recognizing that, while inferences must be drawn in favor of the nonmoving party, those inferences must be reasonable).[1] As appellant

---

[1]In reaching this conclusion, we have considered the affidavit attached to appellant's summary judgment opposition wherein appellant stated that he communicated to prison medical staff that the Depakote regimen was worsening his pain and that, in response to these communications, Dr. Mahakian increased the Depakote dosage. Although the record on appeal confirms that Dr. Mahakian increased the dosage of appellant's prescription, there is no record support for the remainder of *continued on next page...*

failed to demonstrate that a question of material fact existed regarding Dr. Mahakian's deliberate indifference, summary judgment was proper, and we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:     Seventh Judicial District Court Dept. 2
        Amadeo J. Sanchez
        Attorney General/Carson City
        White Pine County Clerk

---

*...continued*
the above-described statement. In other words, the communications upon which appellant based his affidavit do not reasonably give rise to an inference that Dr. Mahakian was deliberately indifferent to appellant's medical needs when he increased the Depakote dosage. *See* NRCP 56(e) (requiring an affidavit in opposition to a summary judgment motion to "set forth such facts as would be admissible in evidence").

[2]To the extent that appellant has raised other arguments on appeal, we conclude that these arguments do not warrant reversal of the district court's summary judgment.

SUPREME COURT
OF
NEVADA

(O) 1947A