An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS GALLIA,
Appellant,
vs.
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,
Respondent.

No. 61600

**FILED**

OCT 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment in a tort action. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Appellant was a supervisor for the Clark County Department of Juvenile Justice Services. In 2007, while working at a juvenile detention center, appellant had an altercation with a juvenile that resulted in the juvenile fracturing his wrist. Respondent Las Vegas Metropolitan Police Department (LVMPD) conducted an investigation of the incident and the district attorney's office pressed charges against appellant for felony child abuse. These charges were later dismissed and, thereafter, appellant filed a complaint against LVMPD alleging malicious prosecution. The district court ultimately granted LVMPD summary judgment, and this appeal followed.[1]

---

[1]Appellant sued other parties and had other causes of action in the underlying case, but on appeal he challenges only the summary judgment granted to LVMPD on his malicious prosecution claim.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-33957

On appeal, appellant argues that granting summary judgment to LVMPD was improper for a variety of reasons. But in this case we are compelled to affirm the district court's summary judgment based on appellant's failure to provide this court with an adequate record to support the arguments that he raises on appeal.

It is well established that an appellant has a duty to provide this court with an adequate record on appeal and that we "generally cannot consider matters not contained in the record." *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007); *see also* NRAP 30(b)(3) (providing that appellant's appendix "shall include those . . . portions of the record essential to determination of issues raised in appellant's appeal"). Here, while appellant has provided this court with a copy of the district court's order, the minutes pertaining to that order, and a transcript of the hearing on the summary judgment motion, he has failed to provide copies of respondent's motion for summary judgment, his opposition to that motion, or respondent's reply to the opposition.

To oppose a motion for summary judgment, the nonmoving party must set forth specific facts to demonstrate that a genuine issue of material fact exists for trial. *Wood v. Safeway, Inc.*, 121 Nev. 724, 732, 121 P.3d 1026, 1031 (2005). Absent copies of the parties' summary judgment motion practice, especially appellant's opposition to that motion, this court cannot determine whether appellant demonstrated the existence of a genuine issue of material fact that would preclude summary judgment because, among other things, it is not clear what, if any, evidence appellant relied on for this purpose. While appellant's appendix includes certain responses to interrogatories, deposition transcripts, and administrative hearing documents, without appellant's opposition to the

summary judgment motion, we cannot assess whether these documents were relied on in opposing summary judgment and, if so, what arguments appellant may have presented based on these materials. Thus, because appellant has failed to provide this court with any of the pertinent motion practice pertaining to the district court's grant of summary judgment, "we necessarily presume that the missing portion[s of the district court record] support[ ] the district court's decision" that appellant failed to demonstrate the existence of a genuine issue of material fact that precluded summary judgment and that summary judgment was warranted on this basis. *Cuzze*, 123 Nev. at 603, 172 P.3d at 135; *see also Wood*, 121 Nev. at 732, 121 P.3d at 1031. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:     Hon. Jennifer P. Togliatti, District Judge
        Israel Kunin, Settlement Judge
        Kirk T. Kennedy
        Olson, Cannon, Gormley, Angulo & Stoberski
        Eighth District Court Clerk