An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER RICHARDSON,
Appellant,
vs.
MARTHA J. RICHARDSON,
Respondent.

No. 64572

FILED

APR 16 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a post-divorce decree district court order modifying child custody. Eighth Judicial District Court, Family Court Division, Clark County; Charles J. Hoskin, Judge.

Appellant argues that the three-hour evidentiary hearing scheduled by the district court on the motion to modify custody was an insufficient amount of time to present evidence of the children's best interest. "Hearing and trial procedures . . . are matters vested in the sound discretion of the trial court," and this court will not interfere "[a]bsent an abuse of discretion and/or substantial prejudice to the complaining parties' rights." *Zupancic v. Sierra Vista Recreation, Inc.*, 97 Nev. 187, 192–93, 625 P.2d 1177, 1180 (1981). At the hearing, each party was allotted equal time to present evidence and there is no indication from the record that appellant objected to the hearing length before or during

15-11468

the hearing.[1] Thus, the district court did not abuse its discretion in setting the matter for a three-hour evidentiary hearing.

Appellant also argues that the district court abused its discretion when it modified the parties' custody arrangement without granting appellant's request for the court to interview the children regarding their custodial preferences. Custody matters are within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996). When modifying custody, the district court was required to consider evidence of the children's custodial preferences, but it was not required to interview the children. NRS 125.480(4)(a). In the proceedings below, the parties did not offer evidence of the children's custodial preferences, but did present evidence of conflict between the parents, appellant's alcohol abuse, domestic abuse in appellant's home, and other factors relevant to the best interests of the children. *See* NRS 125.480(4). In light of this evidence, the district court did not abuse its discretion when it determined that it was not necessary to interview the

---

[1]The transcript of the hearing as it appears in the record on appeal is abridged and there is no support for appellant's assertion that he advised the district court that the time allotted was insufficient. Appellant has the burden of providing this court with an adequate appellate record and when "appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision." *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007).

children and granted respondent primary physical custody of the parties' children based on the children's best interests.

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Charles J. Hoskin, District Judge, Family Court Division
Christopher Richardson
Flangas Dalacas Law Group, Inc.
Eighth District Court Clerk

---

[2]Appellant's appeal statement also challenges the portion of the district court's March 11, 2014, order granting respondent's countermotion for attorney fees. Because that order did not set forth an amount of attorney fees, any challenge to the attorney fees award is premature and not properly before this court in the context of this appeal.