An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL GAMINO,
Appellant,
vs.
RENOWN HEALTH, A NEVADA
CORPORATION,
Respondent.

No. 63425

**FILED**

APR 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a wrongful termination action. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

After respondent Renown Health terminated appellant Michael Gamino's employment, Gamino sued, contending that his termination was in retaliation for filing a workers' compensation claim. Renown moved for summary judgment, introducing declarations and other evidence supporting its contention that Gamino was terminated for breaching Renown's confidentiality policy. In opposition, Gamino attacked Renown's evidence but did not present any evidence of his own. The district court granted Renown's motion for summary judgment. Gamino appealed, arguing that the district court improperly granted summary judgment because the declarations submitted by Renown contained inadmissible hearsay. Gamino also asserts that a jury must make the required credibility determinations of the declarants in a trial and that the temporal proximity of his workers' compensation claim to the termination supports an inference of tortious discharge that precludes summary judgment. We review a grant of summary judgment de novo, including whether evidence submitted in support of the motion for summary judgment is admissible. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-11451

To show a retaliatory discharge, Gamino was required to demonstrate that his filing a workers' compensation claim "was the proximate cause of his discharge." *Allum v. Valley Bank of Nev.*, 114 Nev. 1313, 1319-20, 970 P.2d 1062, 1066 (1998). Renown's motion for summary judgment undermined Gamino's case by showing that his termination was not related to his workers' compensation claim. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007) (observing that a moving party who does not bear the burden of persuasion at trial satisfies the burden of production on summary judgment by "submitting evidence that negates an essential element of the nonmoving party's claim"). In order to defeat Renown's motion, Gamino was required to "by affidavit or other admissible evidence, introduce specific facts that show a genuine issue of material fact." *Id.* at 602-03, 172 P.3d at 134. Instead of doing so, Gamino attacked some, but not all, of the evidence that Renown provided as inadmissible.

In this regard, the district court properly considered Renown's affidavits, which were offered, in part, to show the effect of third-party statements upon the listener and the reason for Renown's investigation into Gamino's actions. *See Grosjean v. Imperial Palace, Inc.*, 125 Nev. 349, 362, 212 P.3d 1068, 1077 (2009) ("'[A] statement merely offered to show that the statement was made and the listener was affected by the statement, and which is not offered to show the truth of the matter asserted, is admissible as non-hearsay.'" (quoting *Wallach v. State*, 106 Nev. 470, 473, 796 P.2d 224, 227 (1990))). Because Gamino proffered no evidence conflicting with Renown's, it was not necessary for a jury to consider the declarants' credibility. *See Gaxiola v. State*, 121 Nev. 638, 650, 119 P.3d 1225, 1233 (2005) ("The jury determines the weight and credibility to give conflicting testimony."). And finally, the temporal

proximity of Gamino's workers' compensation claim and his termination, in the absence of other circumstances and in light of Renown's preexisting investigation into Gamino's alleged breach of confidentiality, does not defeat summary judgment. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272-73 (2001) (noting that an employer proceeding with an action that was contemplated prior to the occurrence of a protected activity suggests that the action was not caused by the protected activity, and that an adverse employment action must be very close in time to the protected activity in order for temporal proximity to suggest causality); *Green v. Lowe's Home Ctrs., Inc.*, 199 S.W.3d 514, 518-23 (Tex. Ct. App. 2006) (stating that "knowledge of a workers' compensation claim alone does not establish a causal link between the alleged discriminatory behavior and the filing of a claim sufficient to defeat summary judgment," and upholding summary judgment when the employee failed to establish a causal link between termination and the workers' compensation claim). Accordingly, we perceive no error in the district court's summary judgment, and we

ORDER the judgment of the district court AFFIRMED.[1]

_____, C.J.
Hardesty

_____, J.
Saitta

_____, J.
Gibbons

---

[1]We have considered Gamino's other arguments on appeal and conclude that they do not warrant reversal of the district court's summary judgment.

 

cc: Hon. Elliott A. Sattler, District Judge
Jonathan L. Andrews, Settlement Judge
Brian R. Morris
Littler Mendelson/Las Vegas
Washoe District Court Clerk