# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| VINTAGE PLAZA LIMITED, A NEVADA CORPORATION,<br>Appellant,<br>vs.<br>FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION; FIRST AMERICAN TITLE COMPANY, A CALIFORNIA CORPORATION; AND FIRST AMERICAN TITLE OF NEVADA, A DISSOLVED AND MERGED NEVADA CORPORATION,<br>Respondents. | No. 65697 |

**FILED**

JAN 14 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

| | |
|---|---|
| VINTAGE PLAZA LIMITED, A NEVADA CORPORATION,<br>Appellant,<br>vs.<br>FIRST AMERICAN TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION; FIRST AMERICAN TITLE COMPANY, A CALIFORNIA CORPORATION; AND FIRST AMERICAN TITLE OF NEVADA, A DISSOLVED AND MERGED NEVADA CORPORATION,<br>Respondents. | No. 66219 |

*ORDER AFFIRMING IN PART, VACATING IN PART
AND REMANDING (DOCKET NO. 65697)
AND VACATING (DOCKET NO. 66219)*

These are consolidated appeals from a district court summary judgment in a slander of title action (Docket No. 65697) and a post-judgment award of attorney fees and costs (Docket No. 66219). Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

*Docket No. 65697*

The district court granted summary judgment on Vintage Plaza's claim for slander of title, concluding that Vintage Plaza had failed

16-01376

to present admissible evidence to establish the malice and the special damages elements of its claim, as well as that the claim was barred by the statute of limitations. We agree with the district court's conclusion that Vintage Plaza failed to present admissible evidence to establish the malice element.[1] *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) ("[I]f the nonmoving party will bear the burden of persuasion at trial, the party moving for summary judgment may satisfy the [summary judgment standard] by . . . pointing out . . . that there is an absence of evidence to support the nonmoving party's case." (internal quotation omitted)); *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment). In particular, we agree that Ms. Skinner's failure to conduct a more thorough investigation did not amount to a "reckless disregard" for whether the property description at issue was accurate.[2] *See Rowland v. Lepire*, 99 Nev. 308, 313, 662 P.2d 1332, 1335 (1983) ("In order to prove malice it must be shown that the defendant knew that the statement was false or acted in reckless disregard of its truth or falsity."). Accordingly, we affirm the district court's summary judgment on Vintage Plaza's slander of title claim.

We conclude, however, that the district court's NRCP 12(b)(5) dismissal order was in error, as it did not take into account how Vintage

---

[1]We therefore do not consider the remaining bases for the district court's summary judgment.

[2]To the extent that Vintage Plaza argues that the conduct of Ms. Skinner, Ms. Seibold, and Ms. Caballero constituted malice, we are not persuaded by that argument.

Plaza's updated title insurance policy may have affected the viability of the claims that were dismissed. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008) (observing that NRCP 12(b)(5) dismissal is appropriate "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle it to relief"). Accordingly, we vacate the district court's NRCP 12(b)(5) dismissal order and remand this matter for consideration of whether Vintage Plaza's claims may be viable based on the updated title insurance policy.

*Docket No. 66219*

In light of our decision to vacate the district court's NRCP 12(b)(5) dismissal order, we vacate the district court's award of attorney fees and costs being challenged in Docket No. 66219.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. Carolyn Ellsworth, District Judge
       Craig A. Hoppe, Settlement Judge
       Johnson & Gubler, P.C.
       Early Sullivan Wright Gizer & McRae, LLP
       Eighth District Court Clerk