## IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A., A
NATIONAL ASSOCIATION,
SUCCESSOR BY MERGER TO BAC
HOME LOANS SERVICING LP, F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, LP; COUNTRYWIDE
BANK FSB; AND FEDERAL
NATIONAL MORTGAGE
ASSOCIATION, D/B/A FANNIE MAE, A
GOVERNMENT SPONSORED ENTITY,
Appellants,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 70903



FILED

DEC 04 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.,* 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand for further proceedings.[1]

Appellants made a prima facie showing that Bank of America's agent tendered $88.50 to Alessi & Koenig (A&K), which undisputedly represented 9 months of assessments. *See Bank of America, N.A. v. SFR*

---

[1]We decline to affirm based on the district court's alternative determination that respondent's summary judgment motion was unopposed. While we do not condone appellants' failure to meet the deadline for filing their summary judgment opposition, it does not appear that filing the opposition one day beyond the deadline caused any prejudice to either respondent or the district court.

18-906845

*Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). While the letter accompanying the check contained an incorrect suite number, we conclude that Rock Jung's affidavit constitutes prima facie evidence that the check was sent and received. *See Cuzze v. Univ. & Cmty. College Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007) ("If the moving party will bear the burden of persuasion, that party must present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence."). Respondent's argument that the affidavit is self-serving does not persuade us otherwise. *See Wilson v. McRae's, Inc.*, 413 F.3d 692, 694 (7th Cir. 2005) ("Most affidavits are self-serving, as is most testimony . . . ."). We therefore reverse on this sole basis, as appellants' remaining arguments fail in light of *Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641 (2017), and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017). If the check was received, it cured the default as to the superpriority portion of the HOA's lien and the ensuing foreclosure sale did not extinguish the first deed of trust. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-121.

Respondent contends that A&K had a good-faith basis for rejecting the tender (assuming it was received)—it believed collection costs made up part of the superpriority portion of the HOA's lien. But A&K's subjective good faith for rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by

operation of law. *Id.* at 120. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and NAS's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect).

Respondent also contends that (1) Bank of America's tender was ineffective because it imposed conditions, (2) Bank of America needed to keep the tender good, (3) Bank of America needed to record evidence of the tender, and (4) respondent is protected as a bona fide purchaser, but we recently rejected similar arguments. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-21. Respondent has not identified any condition that Bank of America was not legally entitled to impose, and we are not persuaded by respondent's suggestion that the letter accompanying the check contained conditions purporting to absolve Bank of America of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which Bank of America might again need to cure a default as to the superpriority portion of the HOA's lien to protect its first deed of trust.

In sum, if A&K received the tender, the foreclosure sale did not extinguish Bank of America's deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Pickering_____, J.
Pickering

_____Gibbons_____ J.
Gibbons

_____Hardesty_____, J.
Hardesty

cc: Hon. Douglas Smith, District Judge
Akerman LLP/Las Vegas
Kim Gilbert Ebron
Eighth District Court Clerk