This is an appeal from a district court order terminating appellants' parental rights.[1] Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.
The two children were placed in protective custody after emergency responders were called to appellants' home to treat C.N.E.S.-N., who was unresponsive after suffering a traumatic brain injury from appellant Danny E.M., Jr.'s abuse. The injury resulted in the child's extensive hospitalization and ongoing rehabilitation and left her with limited use of the left side of her body. At the time, the child had numerous bruises in varying degrees of healing. Both Danny and appellant Shauna R.M. failed to provide plausible explanations for the child's injuries, claiming that they were accidental or self-inflicted. Danny was arrested and subsequently convicted of two felony counts of child abuse or neglect. Shauna R.M. acknowledged seeing Danny hit the child with a belt a few days earlier and that she was aware of previous reports that he had abused his older son but she continued to deny that Danny abused C.N.E.S.-N. and caused her injuries. The initial plan for Shauna in the protective custody matter was reunification concurrent with termination of parental rights. The plan required Shauna to gain insight into the cause of the child's injuries, including that the child was abused while under her care, and her role to protect the children from harm. Shauna later acknowledged that Danny caused C.N.E.S.-N.'s injuries but testimony and evidence at an interim review hearing indicated that Shauna still lacked insight regarding her role to protect the children and that she lacked minimally adequate protective capacities for the children's return to her custody.
Respondent subsequently filed a petition to terminate parental rights. After a seven-day hearing, the district court entered an order terminating appellants' parental rights, finding clear and convincing evidence supported that termination was in the children's best interest and parental fault based on unfitness,[2] neglect, and failure to adjust the circumstances that led to the children's removal. See NRS 128.105(1) (providing that an order terminating parental rights must be based on evidence and findings that (1) termination would serve the children's best interest, and (2) at least one ground of parental fault exists); In re Parental Rights as to N.J., 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000) (recognizing that the best interests of the children and parental fault must be found by clear and convincing evidence). Danny and Shauna appeal.
Danny fails to raise any argument challenging the district court's decision based on insufficient evidence or legal error, and thus, we affirm the order terminating his parental rights.[3] Edwards v. Emperor's Garden Rest., 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that this court need not consider claims that are not cogently argued or supported by relevant authority); see In re Parental Rights as to A.L., 130 Nev. 914, 918, 338 P.3d 758, 761 (2014) (stating that on appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence).
Shauna argues that substantial evidence does not support the district court's findings of parental fault because she was never charged criminally with abuse or neglect and she did not know that Danny would abuse C.N.E.S.-N. She also contends that the record does not support a finding that termination of her rights was in the children's best interest because the Department of Child and Family Services failed to make reasonable efforts to reunify the family.
Having considered the briefing and record provided by Shauna, we conclude that the district court applied the correct legal standards under NRS Chapter 128 and that substantial evidence supports its findings of parental fault based on neglect and unfitness. NRS 128.105(l)(b) ; NRS 128.014(1) (explaining that a child is neglected when the child lacks "proper parental care by reason of the fault or habits of his or her parent"); NRS 128.018 (providing that a parent is unfit when "by reason of the parent's fault or habit or conduct toward the child or other persons, [the parent] fails to provide such child with proper care, guidance and support"); see In re Parental Rights as to A.L ., 130 Nev. at 918, 338 P.3d at 761.
Other than the petition to terminate rights and the district court's order, Shauna did not provide this court with the record from the termination proceedings, instead limiting her appendix to documents and transcripts from the protective custody proceedings. Although she points to documents from those proceedings to show she was complying with her case plan, the district court acknowledged that in its termination order but found neglect and unfitness based on evidence that Shauna failed to protect C.N.E.S.-N. from abuse and neglect, which the court determined was evident before Danny inflicted her near-fatal injuries. The court did not find credible Shauna's benign explanations for bruising observed over the child's body, determining that Shauna left the child with a dangerous and abusive caregiver, who she chose to continue to support after his abuse was exposed. The court found that Shauna exposed the younger child to the abuse resulting in mental and emotional trauma requiring therapy. It found that the children lacked proper parental care due to Shauna's fault or habits and life choices before and after Danny abused C.N.E.S.-N., and even if the court credited Shauna's testimony that the child was self-harming before Danny started abusing her, medical records demonstrated that Shauna did not attempt to secure care needed to deal with that issue.
The court found that Shauna's inability to protect the children was irremediable. It relied on evidence that she chose to stand by Danny through the date of his conviction and shortly thereafter, she began a live-in relationship with a man who has a felony conviction for a 2014 offense of battery that constitutes domestic violence and an earlier misdemeanor conviction for battery of his ex-girlfriend. The district court did not find credible Shauna's testimony that she truly believed Danny abused C.N.E.S.-N., but regardless, it found that Shauna had failed to resolve the main risk factor in the case, which is her inability to recognize people and situations posing dangers to her and her children. In that regard, the court considered evidence of Shauna's dependent personality traits and her insistence that C.N.E.S.-N. inflicted her own non-catastrophic injuries, which the court concluded rendered Shauna consistently unable to care for the children's immediate and continuing physical and psychological needs. See NRS 128.106(l)(a) (providing that in determining a parent's neglect or unfitness, the court must consider a "mental deficiency of the parent which renders the parent consistently unable to care for the ... needs of the child for extended periods of time").
The district court's order references the termination of parental rights hearing and exhibits, as well as its evaluation of the testimony, a transcript of which Shauna did not provide.[4] Accordingly, we must presume that the missing part of the record provides substantial evidentiary support for the district court's parental fault findings of neglect and unfitness.[5] See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev., 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (explaining that the appellant is responsible for making an adequate appellate record, and when "appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision"); see also NRAP 30(a) and (b).
We further conclude that substantial evidence supports the district court's finding that termination of Shauna's parental rights was in the children's best interest. Because the children have been out of Shauna's care for more than 14 consecutive months, the court applied the presumption that termination of Shauna's parental rights is in the children's best interest. NRS 128.109(2). Under NRS 128.109(3), that presumption "must not be overcome or otherwise affected by evidence of failure of the State to provide services to the family." Further, we must presume that substantial evidence in the record supports the district court's findings regarding the factors set forth in NRS 128.107 and NRS 128.108, including the children's physical, mental and emotional conditions and needs, the children's bonds with the foster family and the permanency that family provides; the children's lack of a bond with Shauna; and the foster family's ability to better care for the children, considering the oldest child's special needs.[6] See Cuzze , 123 Nev. at 603, 172 P.3d at 135.
Based on the foregoing, we
ORDER the judgment of the district court AFFIRMED.

Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

As to Danny, the court found unfitness based on conduct under NRS 432B.393(3)(a)(3) (providing that reunification efforts need not be made where the parent caused extreme abuse or neglect of the child or a sibling, such that any plan to return the child would be an unacceptable risk to the child's health or welfare) and NRS 128.106(b), (f), and (g) (addressing as bases for parental unfitness: abusive conduct, the parent's felony conviction for certain crimes, and the child or sibling suffering physical injury resulting in substantial bodily harm while in the parent's care).

To the extent that Danny is challenging the termination of Shauna's parental rights, he lacks standing to do so. See Logan v. Abe , 131 Nev. 260, 263, 350 P.3d 1139, 1141 (2015) (observing that a party generally lacks standing to complain of errors that affect only the rights of others).

Respondent's answering brief cites to the trial transcript as evidentiary support for the district court's findings. In her reply brief, Shauna does not meaningfully address those citations or refute that they provide what respondent claims.

As only one ground of parental fault is required to support the termination of parental rights, see NRS 128.105(1)(b), we need not review the district court's finding regarding failure to adjust the circumstances that led to the children's removal.

We have considered Shauna's remaining arguments on appeal, and conclude that they do not provide a basis for reversal.