# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTINE CURTIS, AN
INDIVIDUAL,
Appellant,
vs.
PATRICIA DAVIDSON,
Respondent.

No. 78157

FILED

JUL 0 1 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a special motion to dismiss in a defamation action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Appellant Christine Curtis challenges a district court order denying her special motion to dismiss under NRS 41.660, Nevada's anti-SLAPP (strategic lawsuit against public participation) statute. "Nevada's anti-SLAPP statutes provide defendants with a procedural mechanism whereby they may file a special motion to dismiss the meritless lawsuit before incurring significant costs of litigation." *Stark v. Lackey*, 136 Nev. 38, 40, 458 P.3d 342, 345 (2020). Respondent Patricia Davidson (and, initially, her employer, which later voluntarily dismissed its claims in the case), sued Curtis for her posting a negative review of Davidson's employer:

> Terrible management! If [the employer] wants to stay in business, he should re-evaluate his management, specifically [respondent] Patty Davidson. Patty discriminates against military! Would not recommend working at, working with or supporting this business. Support our military!
>
> Please feel free to contact me directly for info on this. Happy to provide proof of this.

Curtis responded to the complaint, as relevant here, by filing a special motion to dismiss, arguing that Davidson brought the lawsuit in retaliation.

20-24309

Curtis argues that she met the statutory requirements and that the district court therefore erred by denying her motion. We affirm.

"We review the denial of an anti-SLAPP motion de novo." *Stark*, 136 Nev. at 40, 458 P.3d at 345. To prevail on her anti-SLAPP motion to dismiss, Curtis was required to establish by a preponderance of the evidence that the challenged claim "is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a). To determine whether an issue is one of public concern, we consider, as did the district court, the guiding principles announced in *Shapiro v. Welt*, 133 Nev. 35, 39-40, 389 P.3d 262, 268 (2017) (providing a five-factor test for whether an issue is one of public concern). *See Stark*, 136 Nev. at 41-43, 458 P.3d at 345-46 (applying these factors).

Looking to the *Shapiro* factors,[1] we agree with the district court's assessment that Curtis's speech did not directly connect to an issue of public concern. The district court acknowledged Curtis's primary argument—that the review was posted to a publicly accessible website and targeted a local business. *See, e.g., Wilbanks v. Wolk*, 17 Cal. Rptr. 3d 497, 506 (Ct. App. 2004) ("Consumer information, . . . at least when it affects a

---

[1]The district court denied Curtis's motion in part because she failed to include any supporting evidence with her motion to dismiss. *See Stark v. Lacey*, 138 Nev. 38, 43, 458 P.3d 342, 346-47 (2020) (explaining that the defendant has the burden of establishing that the communication is truthful or made without knowledge of its falsehood). On appeal, Curtis did not include her motion to dismiss in her appendix, and thus, we conclude that the district court was correct in its determination on this issue. *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) ("When an appellant fails to include necessary documentation in the [appellate] record, we necessarily presume that the missing portion supports the district court's decision.").

large number of persons, also generally is viewed as information concerning a matter of public interest."). However, not all online reviews necessarily concern matters of public interest/concern. *See id.* The district court recognized this balance and concluded that the content of the review "appear[s] to stem from a personal dispute and [therefore] do[es] not 'directly' relate to the claimed public interest," i.e., consumer information. *See Shapiro,* 133 Nev. at 39-40, 389 P.3d at 268. We agree with the district court's determination and accordingly

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Jerry A. Wiese, District Judge
      Israel Kunin, Settlement Judge
      Alex B. Ghibaudo, PC.
      Holland & Hart LLP/Las Vegas
      Eighth District Court Clerk