IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE
GUARDIANSHIP OF THE PERSON
AND ESTATE OF LORETTA POWELL,
AN ADULT PROTECTED PERSON.

WILLIAM J. POWELL, JR.,
Appellant,
vs.
LORETTA POWELL,
Respondent.

No. 80210

FILED

JUL 27 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court dismissal of a petition to appoint a guardian. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Appellant William Powell, Jr. filed a petition for appointment of guardian over his mother, Respondent Loretta Powell, claiming she suffered from "cognitive decline" and was unable to live independently. Loretta, who was then in her 70s, was employed as a hair stylist, spent time with her friends, enjoyed the Las Vegas nightlife, knew how to navigate the public transportation system, and otherwise remained active. The district court determined William failed to include a physician's certificate that complied with NRS 159.044 and dismissed the petition without an evidentiary hearing.

On appeal, William argues that the district court erred in denying his request for an evidentiary hearing and applied an incorrect

21-21664

standard of proof in determining whether to grant his request.[1] However, his arguments sidestep the threshold question of whether the district court correctly found William failed to meet the requirements of NRS 159.044. Accordingly, we first address that question.

"Absent a showing of abuse, we will not disturb the district court's exercise of discretion concerning guardianship determinations." *In re Guardianship of L.S. & H.S.*, 120 Nev. 157, 163, 87 P.3d 521, 525 (2004). NRS 159.044(2)(i)(1) requires that the petition for appointment of guardian be accompanied by a signed physician's certificate stating the need for a guardian and whether (1) the person is dangerous to self or others; (2) the person's attendance at a hearing on the petition would be detrimental to the person; (3) the person would either comprehend the reason for the hearing or be able to contribute; and (4) the person is capable of living independently. *In re Guardianship of Rubin*, 137 Nev., Adv. Op. 27, ___ P.3d ___ (2021) (interpreting NRS 159.044 as requiring a petitioner to include a physician's certificate compliant with NRS 159.044(2)(i)(1) in his petition for guardianship). The failure to include a certificate that meets NRS 159.044(2)(i)(1)'s requirements warrants the petition's dismissal. *See id.*

Our review of the physician's certificate William presented with his petition shows that while the doctor stated Loretta was incapable of

---

[1]William failed to include the hearing transcripts in the record. We note that an appellant has the burden of providing this court with an adequate appellate record and when he "fails to include necessary documentation in the record, [this court] necessarily presume[s] that the missing portion supports the district court's decision." *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007).

living independently, the doctor did not address the remaining points required by NRS 159.044(2)(i)(1). Therefore, William failed to include a physician's certificate that complied with NRS 159.044(2)(i)(1) or adequately supported the need for a guardianship, and we conclude the district court properly dismissed William's petition for guardianship.[2]

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Gloria Sturman, District Judge
      Reid Rubinstein & Bogatz
      Amanda Catherine Netuschil
      Goldsmith & Guymon, P.C.
      Jennifer M. Richards
      Eighth District Court Clerk

---

[2]In light of our decision, we need not reach William's arguments as to the necessity of an evidentiary hearing. We note, however, that the district court's decision to grant an evidentiary hearing is within its own sound discretion, and we will uphold the district court's decision where the balance of evidence supports that the proposed protected person is not so incapacitated as to require a guardianship. *See Rubin*, 137 Nev., Adv. Op. 27, ___ P.3d at ___ (upholding a decision to deny a guardianship petition where the record showed the proposed protected person remained capable of living independently and that a guardianship was not necessary).