# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| J. MCDONALD CO., INC., A TEXAS CORPORATION, FOR ITSELF AND DERIVATIVELY ON BEHALF OF TROPICAL & LOSEE, LLC, Appellant, vs. TROPICAL & LOSEE, LLC, A NEVADA LIMITED LIABILITY COMPANY; DAVID E. CROWE, AN INDIVIDUAL; AND FLETCHER MAJORS, AN INDIVIDUAL, Respondents. | No. 83569 FILED OCT 11 2022 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ DEPUTY CLERK |

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court judgment in a business dispute. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.[1]

Respondents David E. Crowe and Fletcher Majors formed respondent Tropical & Losee, LLC (T&L) along with nonparty John McDonald (on behalf of his company, nonparty J. McDonald Co., Inc., a Nevada corporation (JMC Nevada)) in 1996. Nonparty J.W. Wood later replaced McDonald as president of JMC Nevada and McDonald no longer sat on T&L's governing board. JMC Nevada's corporate charter lapsed, and Wood unsuccessfully attempted to convert JMC Nevada to a Texas corporation. Because the conversion failed, Wood instead created appellant J. McDonald Co., Inc. (JMC Texas), a Texas corporation unrelated to JMC Nevada. The underlying dispute arose two months later when T&L denied

___

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

Wood's request to access T&L's records, expressing concern with releasing the requested records because JMC Nevada was in "permanent revoke" status with the Nevada Secretary of State at that time. In response, JMC Texas filed the underlying action alleging various breach-of-contract and derivative claims against respondents and seeking an accounting of T&L's member distributions.

JMC Texas argues that the district court erred by entering judgment for respondents based on inaccurate findings that JMC Nevada was not a member when T&L denied it access to T&L's records and that Crowe and Majors did not breach any duties as alleged in JMC Texas' complaint. Notwithstanding the brevity of the record on appeal,[2] because it is undisputed that JMC Texas is not now, and never has been, a member of T&L, we agree with the district court that JMC Texas lacks standing to bring derivative claims on T&L's behalf. *See* NRS 86.485 (requiring a plaintiff bringing a derivative action to be a member); *Cotter ex rel. Reading Int'l, Inc. v. Kane*, 136 Nev. 559, 564, 473 P.3d 451, 456 (2020) (examining the language of a statute to determine if a plaintiff has standing to sue). Further, because JMC Nevada, and not JMC Texas was a party to T&L's operating agreement, JMC Texas could not challenge T&L's accounting and distributions; therefore, the district court properly found in respondents' favor on appellant's breach-of-contract claims. *See High Noon at Arlington*

---

[2]JMC Texas' appendix included neither trial transcripts nor trial exhibits, impairing this court's ability to meaningfully review the district court's factual findings. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) ("[T]his court has made it clear that appellants are responsible for making an adequate appellate record."); *see also Sargeant v. Henderson Taxi*, 133 Nev. 196, 197, 394 P.3d 1215, 1218 (2017) (explaining that meaningful review is impaired when essential records are omitted from the record on appeal).

*Ranch Homeowners Ass'n v. Eighth Judicial Dist. Court*, 133 Nev. 500, 507, 402 P.3d 639, 646 (2017) ("[A] party has standing to assert only its own rights and cannot raise the claims of a third party not before the court."). Thus, JMC Texas lacked standing to bring its claims and the district court did not err by entering judgment for respondents.[3] *See Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011) (explaining that this court reviews standing de novo). Based upon the foregoing, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Parraguirre

_____, J.
Herndon

_____, Sr.J.
Gibbons

cc: Hon. Mark R. Denton, District Judge
Stephen E. Haberfeld, Settlement Judge
Cleveland Terrazas PLLC
Thomas & Associates/Los Angeles
King Scow Koch Durham LLC
Sklar Williams LLP
Eighth District Court Clerk

---

[3]Given our conclusion, we need not reach JMC Texas' remaining arguments.

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A