An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

NANCY J. MAGNUSSON; HOWARD R. WHEELER; BETTY L. WHEELER; AND COUNTY OF CHURCHILL, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA,
Appellants,
vs.
FRIENDS OF THE E-LINE CANAL, INC., A NON-PROFIT NEVADA CORPORATION; TIMOTHY L. ORR; CHERYL S. MARTIN; JACK BARNES; JUDITH B. BURGER; AND MAXINE CAPRIOLI-HIGHT,
Respondents.

No. 63473

**FILED**

APR 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action for declaratory relief, quiet title, and permanent injunctions. Tenth Judicial District Court, Churchill County; Charles M. McGee, Senior Judge.

We review the district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). We affirm.

Appellants Nancy J. Magnusson and Howard R. Wheeler and Betty L. Wheeler own parcels of land which contain portions of the E-Line canal roads. Magnusson and the Wheelers sought to deny the public access to the roads. Respondents brought suit to restore access to the roads to the public, claiming that the roads were public rights-of-way held by appellant Churchill County.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-12963

*Arguments raised for the first time on appeal are waived*

Magnusson, the Wheelers, and Churchill County raise for the first time on appeal the argument that the United States lacked a conveyable rights-of-way interest in the E-Line canal roads. They also raise for the first time on appeal the argument that the United States impermissibly altered the easement over the E-Line canal roads. Thus, these arguments are deemed to have been waived and cannot provide a basis to reverse the district court's grant of summary judgment. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

*The district court did not err in granting summary judgment*

Summary judgment is proper if the "pleadings and other evidence on file demonstrate that no genuine issue [of] material fact [exists] and that the moving party is entitled to a judgment as a matter of law." *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (internal quotations omitted). "Contract interpretation strives to discern and give effect to the parties' intended meaning." *Galardi v. Naples Polaris, LLC*, 129 Nev. Adv. Op. No. 33, 301 P.3d 364, 367 (2013). "[W]e construe unambiguous contracts . . . according to their plain language." *Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 487-88, 117 P.3d 219, 223-24 (2005).

Magnusson, the Wheelers, and Churchill County argue that the district court erred in finding that a 1991 agreement transferring land and land interests from the United States to Churchill County included easements over the E-Line canal roads. However, as the complete written agreement between the United States and Churchill County is not

included in the appellate record, we must presume that the missing portions of this document support the district court's decision and do not establish a genuine issue of material fact. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) ("When an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision."). Here, the plain language of the portions of the agreement between the United States and Churchill County that *are* included in the record do not create a genuine issue of material fact. The recital of the agreement states that "'[p]roject rights-of-way'" are "land and land rights" that the United States has acquired through its construction of the Newlands Project, of which the E-Line canal roads are a part. The agreement then states that

> [t]he United States hereby grants, conveys, and consents to the County for the use as County rights-of-way the Project rights-of-way shown on the drawing attached hereto, made a part hereof and marked Exhibit "A."[1]

(Footnote added.) The parties do not dispute that the drawing attached to the agreement contains the E-Line canal road easements or that easements are a form of land rights. *See Boyd v. McDonald*, 81 Nev. 642, 647, 408 P.2d 717, 720 (1965) ("An easement is a right, distinct from ownership, to use in some way the land of another." (internal quotations omitted)). Therefore, by its express terms, the agreement transfers the E-

---

[1]As this portion of the agreement is also not included in the appellate record, we rely on the district court's quotation of portions of the agreement in its decision.

Line canal road easements from the United States to Churchill County for use as county rights-of-way.

Thus, the district court did not err in finding that Magnusson, the Wheelers, and Churchill County failed to identify a genuine issue of material fact. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Chief Judge, The Tenth Judicial District
Hon. Charles M. McGee, Senior Judge
Carolyn Worrell, Settlement Judge
Churchill County District Attorney/Fallon
Law Offices of Michael B. Springer
David Kalo Neidert
Martin G. Crowley
Churchill County Clerk