An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TAYLOR EMANUEL, AN INDIVIDUAL,
Appellant,
vs.
BANK OF LAS VEGAS (STATE
CHARTERED INSURED NONMEMBER
BANK) FORMERLY KNOWN AS
DESERT COMMUNITY BANK,
Respondent.

No. 61812

FILED

MAY 2 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

TAYLOR EMANUEL, AN INDIVIDUAL,
Appellant,
vs.
BANK OF LAS VEGAS (STATE
CHARTERED INSURED NONMEMBER
BANK) FORMERLY KNOWN AS
DESERT COMMUNITY BANK,
Respondent.

No. 62478

### ORDER OF AFFIRMANCE

These are consolidated appeals from a district court judgment in a bank loan contract action and a post-judgment award of attorney fees and costs. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Having considered the parties' arguments and the record on appeal, we conclude that the district court properly granted summary judgment in favor of respondent on appellant's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's decision to grant summary judgment). In particular, but among other reasons, the district court properly determined at the time it granted summary judgment that appellant had not produced evidence showing that appellant had proposed a replacement

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15462

contractor for respondent's approval.[1] *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) (noting that when the nonmoving party bears the burden of persuasion at trial, the moving party may demonstrate that summary judgment is appropriate by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case" (internal quotation omitted)).

As for the deficiency judgment, we conclude that substantial evidence supported the district court's determination that respondent mitigated its damages. *See Mason-McDuffie Real Estate, Inc. v. Villa Fiore Dev., LLC*, 130 Nev. Adv. Op. No. 83, 335 P.3d 211, 213-14 (2014) (recognizing that this court will not disturb a district court's factual findings that are supported by substantial evidence); *see also Sheehan & Sheehan v. Nelson Malley & Co.*, 121 Nev. 481, 492, 117 P.3d 219, 226 (2005) (noting that the party asserting a failure-to-mitigate-damages defense bears the burden to prove that damages might have been lessened by "reasonable diligence on the part of the aggrieved party" (internal quotation omitted)). In particular, evidence was presented from which it was reasonable for the district court to conclude that appellant's proposed mitigation strategies were not practicable. *See Mason-McDuffie Real Estate*, 130 Nev. Adv. Op. 83, 335 P.3d at 214 (indicating that substantial evidence is "that which a reasonable mind might accept as adequate to support a conclusion" (internal quotation omitted)).

---

[1]To the extent that appellant has made arguments on appeal based on evidence that was procured after summary judgment was granted, we have not considered those arguments. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

Consistent with the foregoing, we affirm the judgment in Docket No. 61812. In light of our disposition of the appeal in Docket No. 61812, we affirm the award of attorney fees and costs appealed in Docket No. 62478.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Lansford W. Levitt, Settlement Judge
David J. Winterton & Associates, Ltd.
Holland & Hart LLP/Las Vegas
Eighth District Court Clerk