An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FARMERS INSURANCE EXCHANGE, AN INTER-INSURANCE EXCHANGE, Appellant,

vs.

COLT BAINBRIDGE; RHIANON HOKULANI-NAVAS DAVIS; CORY HOLLIDAY; DUANE JOHNSON; JONATHAN DESHAW; THE ESTATE OF BRANDY FULLER; AND MICHELLE FULLER, Respondents.

No. 63348

FILED

NOV 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young

DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a complaint for declaratory relief. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge. We review for abuse of discretion, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 533 (9th Cir. 2008); *Cty. of Clark ex rel. Univ. Med. Ctr. v. Upchurch*, 114 Nev. 749, 752, 961 P.2d 754, 756 (1998), and must determine whether the district court abused its discretion in dismissing Farmers Insurance's complaint for declaratory relief. We affirm.

On September 20, 2006, Jonathan Whitehead was driving a Ford Expedition owned by his grandparents, Larry and Patricia Whitehead, which Farmers insured. Respondents were passengers in the Expedition. While driving drunk, Jonathan crashed the Expedition, killing one passenger and injuring the rest. The Whiteheads settled the

case with respondents for a total amount of $8,515,951.05, plus post-judgment interest. However, the insurance policy the Whiteheads held with Farmers had a policy limit of $30,000 per person or $60,000 per occurrence.

Farmers filed a complaint for declaratory relief against respondents claiming that its liability should be capped at its policy limits and it did not act in bad faith in defending the Whiteheads. Respondents conceded that Farmers only had a contractual duty to pay out $60,000 per occurrence, but claimed that Farmers acted in bad faith and should, therefore, be liable for the excess judgment under a theory of tort liability. The district court dismissed Farmers' complaint for declaratory relief, finding that Farmers was trying to prevent respondents from claiming that Farmers breached its duty of good faith and fair dealing and questions of fact remained on that issue. Although respondents filed a separate lawsuit alleging Farmers is liable under a tort theory of liability, Farmers appealed to this court the dismissal of its separate action for declaratory relief.

Even when another adequate remedy exists, declaratory relief is permitted in an appropriate case. NRCP 57. Declaratory relief may be appropriate in a case involving a written contract and "a declaration of rights, status or other legal relations thereunder." NRS 30.040(1). However, declaratory relief is within the discretion of the district court, which may refuse to enter a declaratory judgment if the judgment "would not terminate the uncertainty or controversy giving rise to the proceeding." NRS 30.080.

Here, the district court did not abuse its discretion in determining that declaratory relief is inappropriate in this case for four

reasons. First, the briefing is inadequate to support Farmers' assertion that declaratory relief is appropriate for a tortious breach of the duty of good faith and fair dealing. Farmers only cites to NRS 30.040 as its basis for declaratory relief, but that statute does not endorse declaratory relief in what appears, at this point, to be primarily a tort dispute. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (stating that this court need not consider claims that are not cogently argued or supported by relevant authority). Second, as the district court found, questions of fact remain regarding whether Farmers acted in bad faith. It would be inappropriate for this court to preclude respondents' claims of bad faith with an undeveloped record on this issue. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (holding appellant responsible for making an adequate appellate record, and when "appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision").

Third, while Farmers included its insureds, the Whiteheads, as defendants to its declaratory relief complaint along with respondents, Farmers concedes on appeal in response to the order to show cause that only respondents are parties, apparently conceding that the dismissal of its declaratory relief complaint was appropriate as to its insureds, a concession that damages what arguments Farmers otherwise might have to support its claim for declaratory judgment. Finally, respondents' direct action against Farmers alleging breach of the covenant of good faith and fair dealing is the appropriate vehicle for Farmers to present its current arguments, which will allow for discovery to resolve any questions of fact.

Accordingly, as the district court did not abuse its discretion in dismissing Farmers' complaint for declaratory relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Robert W. Lane, District Judge
        Thomas J. Tanksley, Settlement Judge
        Kaufman, Dolowich & Voluck, LLP
        Atkin Winner & Sherrod
        Christensen Law Offices, LLC
        Nye County Clerk