# IN THE SUPREME COURT OF THE STATE OF NEVADA

H. BRUCE COX; AND SUE ANN COX,
HUSBAND AND WIFE,
Appellants,
vs.
GILCREASE WELL CORPORATION, A
NEVADA NON-PROFIT
COOPERATIVE CORPORATION,
Respondent.

No. 69296

FILED

DEC 2 2 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a final judgment in an action concerning rights to certain shares of stock related to water rights. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

A quiet title action was filed against appellants H. Bruce Cox and Sue Ann Cox, among others, to resolve ownership rights concerning the Gilcrease Ranch. Appellants then filed counterclaims against respondent Gilcrease Well Corporation. In particular, appellants included respondent in their tenth and eleventh causes of action for declaratory relief alleging that respondent engaged in fraudulent billing practices.

Respondent asserted a general affirmative defense in its reply to appellants' counterclaims. Subsequently, respondent moved for summary judgment solely on the basis that appellants' fraud claims were not supported by the evidence. Prior to the hearing on the motion, respondent asserted a statute of limitations defense for the first time by arguing that appellants' tenth and eleventh causes of action were time barred. Respondent called appellants and their counsel to offer a

continuance on the hearing for its motion in order to provide appellants time to respond to its statute of limitations arguments. However, appellants declined the invitation and proceeded to raise their objections at the hearing. In particular, appellants argued that respondent waived its statute of limitations defense because it was not affirmatively pled.

Ultimately, the district court granted respondent's motion for summary judgment with regard to appellants' fraud claims on two separate bases. First, the district court concluded that appellants could not establish fraud because they presented no evidence of an actionable representation made by respondent. Accordingly, the court determined that appellants could not establish an essential element of their fraud claims and thus, summary judgment was proper. Second, the court concluded that NRCP 15(b) allowed the court to amend respondent's answer to appellants' counterclaims to include the statute of limitations as an affirmative defense.

On appeal, appellants argue that the district court erred in granting respondent's motion for summary judgment because the court should not have considered respondent's statute of limitations defense. While appellants focus on the court's second basis for granting respondent's motion for summary judgment, they fail to sufficiently address the court's first basis. In particular, appellants failed to identify a genuine issue of material fact to counter respondent's motion.[1]

_____

[1]We acknowledge appellants' contention that because the court did not find that there were certain questions of material fact concerning their fraud claims, the court erred in granting respondent's motion for summary judgment. However, appellants failed to assert such arguments in their opposition to respondent's motion for summary judgment. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not

This court reviews a district court's order granting summary judgment de novo. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all other evidence on file demonstrate that no genuine issue of material fact exists "and that the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks omitted). When deciding a summary judgment motion, all evidence "must be viewed in a light most favorable to the nonmoving party." *Id.* "[I]f the nonmoving party will bear the burden of persuasion at trial, the party moving for summary judgment may satisfy the burden of production by either (1) submitting evidence that negates an essential element of the nonmoving party's claim or (2) pointing out that there is an absence of evidence to support the nonmoving party's case." *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) (internal quotation marks omitted). "In such instances, in order to defeat summary judgment, the nonmoving party must transcend the pleadings and, by affidavit or other admissible evidence, introduce specific facts that show a genuine issue of material fact." *Id.* at 603, 172 P.3d at 134; *see also* NRCP 56(e). General allegations and conclusory statements do not create genuine issues of fact. *See Wood*, 121 Nev. at 731, 121 P.3d at 1030-31. Thus, this court will review the nonmoving party's opposition to a motion for summary judgment in determining whether the nonmoving party satisfied its burden of showing that a material issue of fact exists. *See Cuzze*, 123 Nev. at 603, 172 P.3d at 134-35.

Here, because appellants bore the burden of persuasion at trial for its counterclaims, respondent, in moving for summary judgment, must

---

urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

 

have either submitted evidence that negated an essential element of fraud or pointed out the absence of evidence. *See id.* at 602-03, 172 P.3d at 134. In its motion for summary judgment, respondent pointed out that appellants' fraud claims were not supported by the evidence. In particular, respondent showed that it did not make any representations to appellants concerning their stock certificates and that there was no evidence that appellants justifiably relied on any representation. Thus, respondent satisfied its burden of production and the burden shifted to appellants to show that a material issue of fact existed. *See id.* at 603, 172 P.3d at 134. In reviewing appellants' opposition to respondent's motion for summary judgment, they failed to recognize their burden of production, and thus, failed to identify a genuine issue of material fact.

With regard to respondent's statute of limitations defense, NRCP 15(b) allows amendments to conform to the evidence and states:

> If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits.

NRCP 15(b).

Here, allowing respondent to amend its answer to assert a statute of limitations defense was not prejudicial to appellants due to the court's first basis for granting summary judgment in favor of respondent. In particular, appellants failed to identify a genuine issue of material fact, which was fatal to their case because they bore the burden of persuasion at trial for their counterclaims. Therefore, the district court did not err in

granting summary judgment in favor of respondent and further did not err in allowing respondent to amend its answer to assert a statute of limitations defense. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Hon. Elizabeth Goff Gonzalez, Chief Judge
Nathaniel J. Reed, Settlement Judge
H. Bruce Cox
Schwartz Flansburg PLLC
Eighth District Court Clerk