IN THE SUPREME COURT OF THE STATE OF NEVADA

JP MORGAN CHASE BANK, N.A.,
Appellant,
vs.
HSIEH YING-MAN, AN INDIVIDUAL,
Respondent.

No. 77042

**FILED**

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Susan Johnson, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

Appellant contends that our decision in *Facklam v. HSBC Bank USA*, 133 Nev. 497, 401 P.3d 1068 (2017), implicitly overturned the holding in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 334 P.3d 408 (2014), that "action" as used in NRS 116.3116(2) can mean a nonjudicial foreclosure. We disagree. The holding in *SFR Investments* was based on the interpretation of the Uniform Common Interest Ownership Act (UCIOA), not on NRS 11.090(1)(b), and the UCIOA makes clear that its use of "action" includes a nonjudicial foreclosure. 130 Nev. at 752-54, 334 P.3d at 415-16. Nor are we persuaded that *SFR Investments* should be overturned.

Appellant next contends that respondent failed to produce prima facie evidence that the HOA foreclosed on the superpriority portion of its lien. Again, we disagree. The HOA's account ledger, which was

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-44068

attached to the Notice of Default that was mailed to appellant's predecessor, indicated that the former homeowner had failed to pay three quarterly assessments by the time the HOA recorded its Notice of Claim of Delinquent Assessment Lien. *See Cuzze v. Univ. & Cmty. College Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007) ("If the moving party will bear the burden of persuasion, that party must present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence."); *cf. Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev. 21, 26, 388 P.3d 226, 231 (2017) (recognizing that under the pre-2015 version of NRS 116.3116, serving a notice of delinquent assessments constitutes institution of an action to enforce the lien); *Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 371, 373 P.3d 66, 72 (2016) ("[T]he superpriority lien granted by NRS 116.3116(2) does not include an amount for collection fees and foreclosure costs incurred; rather it is limited to an amount equal to the common expense assessments due during the nine months before foreclosure.").

We similarly disagree with appellant's arguments that questions of material fact exist regarding whether the HOA foreclosed on the superpriority portion of its lien. Although appellant contends that the mortgage protection clause in the CC&Rs is evidence that the HOA chose to conduct a subpriority-only foreclosure sale, we are not persuaded that an HOA's "choice" to never exercise its superpriority lien rights can be logically distinguished from a "waiver" that is precluded by NRS 116.1104. *Cf. SFR Invs.*, 130 Nev. at 757-58, 334 P.3d at 419 (recognizing that NRS 116.1104 invalidates mortgage protection clauses). We additionally note that if the HOA was paid the entire $3,227.16 that it was owed (as appellant argued in district court), that distribution of proceeds would not have been consistent with a subpriority-only sale.

Finally, we are not persuaded that the district court abused its discretion in denying appellant's request for an NRCP 56(f) continuance. *See Aviation Ventures, Inc. v. Joan Morris, Inc.*, 121 Nev. 113, 118, 110 P.3d 59, 62 (2005) (reviewing the decision to deny an NRCP 56(f) continuance for an abuse of discretion). In particular, the district court was within its discretion in determining that the discovery appellant wished to conduct was overly speculative in light of the documentation that appellant had already obtained from the HOA's agent. *Cf. Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) ("Denial of a Rule 56(f) application is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr. J.
Douglas

cc: Hon. Susan Johnson, District Judge
Kolesar & Leatham, Chtd.
Kennedy & Couvillier, PLLC
Eighth District Court Clerk

_____

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.