136 Nev., Advance Opinion 17

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROSAISET JARAMILLO, AS SPECIAL
ADMINISTRATOR OF THE ESTATE
OF MARIA JARAMILLO,
Appellants,
vs.
SUSAN R. RAMOS, M.D., F.A.C.S.,
Respondent.

No. 77385

FILED

APR 0 2 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

Appeal from a district court summary judgment in a medical malpractice action. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.

*Reversed and remanded.*

Bradley, Drendel & Jeanney and William C. Jeanney, Reno,
for Appellants.

Lemons, Grundy & Eisenberg and Edward J. Lemons and Alice Campos Mercado, Reno,
for Respondent.

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

*OPINION*

By the Court, CADISH, J.:

Nevada's res ipsa loquitur statute, NRS 41A.100, creates a rebuttable presumption of negligence in certain medical malpractice actions. In this appeal, we examine how the res ipsa loquitur doctrine works

20-12556

in the summary judgment context, and in particular, we consider whether a plaintiff relying on NRS 41A.100's presumption for a prima facie case of negligence must provide expert testimony to survive a defendant's summary judgment motion. We conclude that such a plaintiff does not. Rather, all a plaintiff must do to proceed to trial is establish the facts that entitle her to NRS 41A.100's rebuttable presumption of negligence. Whether a defendant successfully rebuts the presumption with expert testimony or other direct evidence thus becomes a question of fact for the jury.

## FACTS

Maria Jaramillo got a mammogram showing that a mass in her left breast had grown since her last exam. To confirm these findings, respondent Dr. Susan R. Ramos performed a wire localization, during which she inserted a wire into Maria's left breast and removed the mass. At a follow-up appointment, an ultrasound revealed that a wire fragment remained in Maria's left breast. Maria had the wire surgically removed but later died of unrelated causes. Appellant Rosaiset Jaramillo, special administrator to the estate of Maria Jaramillo, sued Dr. Ramos for medical malpractice under NRS 41A.100(1), Nevada's res ipsa loquitur provision.

In her complaint, Jaramillo asserted that Dr. Ramos breached the professional standard of care by unintentionally leaving a wire in Maria's left breast. She did not attach a medical expert affidavit, arguing that one was not required under NRS 41A.100(1)(a), which provides that medical expert testimony "is not required and a rebuttable presumption that the personal injury or death was caused by negligence arises where evidence is presented that . . . [a] foreign substance . . . was unintentionally left within the body of a patient following surgery."

Dr. Ramos answered and disclosed that she had retained Dr. Andrew B. Cramer, an expert witness, to testify at trial about the standard of care. She attached Dr. Cramer's declaration, in which he opined that the wire left in Maria's breast "is something that can happen without negligence on the part of the surgeon." Jaramillo did not retain an expert witness to refute Dr. Cramer's testimony.

Dr. Ramos moved for summary judgment, and the district court granted it, finding that Dr. Ramos had rebutted the presumption of negligence by providing expert testimony about the standard of care. And in the absence of contrary expert testimony from Jaramillo, the court concluded that "it is *uncontroverted* that the unintentional leaving of a wire fragment in [Jaramillo's] body was not a result of negligence." (Emphasis added.)

## DISCUSSION

We review the district court's grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when the record shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* (citing NRCP 56(c)). "A factual dispute is genuine when the evidence is such that a rational trier of fact could return a verdict for the nonmoving party." *Id.* at 731, 121 P.3d at 1031. All evidence, "and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party." *Id.* at 729, 121 P.3d at 1029.

Jaramillo argues that because she relied on NRS 41A.100(1), she was not required to provide expert testimony to proceed to a jury trial. NRS 41A.100(1), Nevada's res ipsa loquitur provision, provides the general rule that a plaintiff must present expert testimony or other medical materials to establish negligence in a medical malpractice case. This

provision, however, carves out five factual circumstances where a plaintiff is exempt from the above requirement and is instead entitled to a rebuttable presumption of negligence. NRS 41A.100(1)(a)-(e). Jaramillo filed her malpractice action under NRS 41A.100(1)(a), which provides one such exception when "[a] foreign substance other than medication or a prosthetic device was unintentionally left within the body of a patient following surgery."[1] In her complaint, she pleaded facts entitling her to NRS 41A.100(1)(a)'s res ipsa loquitur theory of negligence. Specifically, she alleged that Dr. Ramos unintentionally left a wire in Maria's left breast following surgery.

---

[1]NRS 41A.100(1)(a) provides:

> 1. Liability for personal injury or death is not imposed upon any provider of health care based on alleged negligence in the performance of that care unless evidence consisting of expert medical testimony, material from recognized medical texts or treatises or the regulations of the licensed medical facility wherein the alleged negligence occurred is presented to demonstrate the alleged deviation from the accepted standard of care in the specific circumstances of the case and to prove causation of the alleged personal injury or death, except that such evidence is not required and a rebuttable presumption that the personal injury or death was caused by negligence arises where evidence is presented that the provider of health care caused the personal injury or death occurred in any one or more of the following circumstances:
>
> (a) A foreign substance other than medication or a prosthetic device was unintentionally left within the body of a patient following surgery[.]

Nonetheless, the district court concluded that once Dr. Ramos provided expert testimony to rebut the presumption of negligence, Jaramillo was required to submit expert testimony of her own to survive summary judgment. We conclude that in doing so, the district court misread Nevada caselaw and thus erred.

We have repeatedly held that the only evidence a plaintiff must present at trial to establish NRS 41A.100(1)'s rebuttable presumption of negligence is "some evidence of the existence of one or more of the factual predicates enumerated in [NRS 41A.100(1)(a)-(e)]." *Johnson v. Egtedar*, 112 Nev. 428, 434, 915 P.2d 271, 274 (1996); *see also Szydel v. Markman*, 121 Nev. 453, 460, 117 P.3d 200, 204 (2005) (explaining that "[t]hese are factual situations where the negligence can be shown without expert medical testimony"). Thus, we have held that NRS 41A.100(1) expressly excuses a plaintiff from the requirement to submit an expert affidavit with a medical malpractice complaint. *Szydel*, 121 Nev. at 459, 117 P.3d at 204 (holding that the expert affidavit requirement in NRS 41A.071 does not apply to res ipsa cases brought under NRS 41A.100(1)'s res ipsa loquitur provision). We reasoned that "[i]t would be unreasonable to require a plaintiff to expend unnecessary effort and expense to obtain an affidavit from a medical expert when expert testimony is not necessary for the plaintiff to succeed at trial." *Id.* at 460, 117 P.3d at 204.

Although *Szydel* addressed the requirement for expert testimony in the limited context of filing a complaint, requiring a plaintiff to obtain expert testimony to survive summary judgment would be equally unreasonable given that such testimony is not necessary to succeed at trial.

Further, NRS 41A.100(1) is an evidentiary rule.[2] As such, it applies with equal force at summary judgment proceedings, wherein a moving party's burden of production depends on the burden of persuasion at trial. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) (explaining the burdens of proof and persuasion that apply when considering a motion for summary judgment).

We therefore clarify that NRS 41A.100(1), which relieves a plaintiff of the requirement to present expert testimony at trial, similarly relieves a plaintiff of this requirement at summary judgment. Thus, all a plaintiff must do to survive summary judgment is present evidence that the facts giving rise to NRS 41A.100(1)'s presumption of negligence exist—i.e., that at least one of the factual circumstances enumerated in NRS 41A.100(1)(a)-(e) exists.

The question thus becomes whether Jaramillo presented sufficient evidence that the facts giving rise to NRS 41A.100(1)'s presumption existed. We conclude that she did. In her complaint, Jaramillo alleged that Dr. Ramos unintentionally left a wire in Maria's left breast

---

[2]The district court misread *Szydel* and erroneously characterized NRS 41A.100(1)'s presumption of negligence as a threshold matter instead of an evidentiary rule. In *Szydel*, however, we explained that "the plain language of NRS 41A.071 provides a threshold requirement for medical malpractice pleadings and does not pertain to evidentiary matters at trial, as does NRS 41A.100(1)." 121 Nev. at 458, 117 P.3d at 203. The phrase "as does NRS 41A.100(1)" modifies the nearest preceding clause, meaning NRS 41A.100(1), unlike NRS 41A.071, pertains to evidentiary matters at trial. We further clarified any remaining ambiguity as to NRS 41A.100(1)'s nature throughout the majority and dissenting opinions. *See Szydel*, 121 Nev. at 458, 117 P.3d at 203 ("NRS 41A.100(1) permits a jury to infer negligence without expert testimony at trial . . . ."); *see id.* at 461, 117 P.3d at 205 (Hardesty, J., dissenting) ("NRS 41A.100 . . . is a rule of evidence . . . .").

 

after surgery. At summary judgment, she supported these allegations with evidence. Specifically, she presented an ultrasound and mammogram report, both of which postdated the surgery and referenced the wire that remained in Maria's left breast. Dr. Ramos did not dispute this evidence or argue that she intentionally left the wire in Maria's body. Thus, the undisputed facts directly parallel the factual circumstance enumerated in NRS 41A.100(1)(a), which establishes a presumption of negligence where "[a] foreign substance . . . was unintentionally left within the body of a patient following surgery." Jaramillo thus successfully established that NRS 41A.100(1)'s rebuttable presumption of negligence applies.

That Dr. Ramos presented direct evidence in the form of an expert declaration to rebut the presumption of negligence does not entitle her to summary judgment as a matter of law. Such evidence instead created a factual question as to the existence of negligence, which is to be determined by the jury. *See* NRS 47.200 (listing different jury instructions depending on the strength of the direct evidence); *see also Butler v. Bayer*, 123 Nev. 450, 461, 168 P.3d 1055, 1063 (2007) (observing that summary judgment is seldom affirmed in negligence cases "because, generally the question of whether a defendant was negligent in a particular situation is a question of fact for the jury to resolve"). Further, such evidence did not shift the burden of proof back to Jaramillo to present additional evidence. The Legislature has expressly determined that evidence establishing one of the five factual circumstances enumerated in NRS 41A.100(1)(a)-(e), which Jaramillo provided, is sufficient for the jury to presume that the injury or death was caused by negligence, even in the absence of expert testimony. NRS 41A.100(1); *see Johnson*, 112 Nev. at 434, 915 P.2d at 274 (explaining that in these five factual circumstances, "the legislature has, in effect,

already determined that [such circumstances] ordinarily do not occur in the absence of negligence"). Accordingly, we conclude that a reasonable trier of fact could have returned a verdict for Jaramillo based solely on the evidence she presented giving rise to the presumption.

To be clear, our holding does not preclude summary judgment in all res ipsa cases brought under NRS 41A.100(1). For example, a defendant could present evidence disputing the existence of the facts giving rise to the presumption (e.g., that there was no foreign object inside the patient's body after surgery, or if there was, that it was left there intentionally). *See Cuzze*, 123 Nev. at 602-03, 172 P.3d at 134 (providing that a defendant "moving for summary judgment may satisfy the burden of production by . . . submitting evidence that negates an essential element of the [plaintiff's] claim"). If such evidence is so strong as to leave no genuine issue as to whether the presumption applies, the defendant would be entitled to summary judgment. *See Wood*, 121 Nev. at 729, 121 P.3d at 1029 (explaining that a party is entitled to summary judgment where there is no genuine issue of material fact). Alternatively, a defendant could point out the plaintiff's failure to present evidence that establishes the facts giving rise to the presumption. *See Cuzze*, 123 Nev. at 602-03, 172 P.3d at 134 (providing that a defendant "moving for summary judgment may satisfy the burden of production by . . . pointing out . . . that there is an absence of evidence to support the nonmoving party's case" (internal quotation marks omitted)). If the plaintiff fails to respond with evidence that demonstrates a genuine issue of material fact as to whether the presumption applies, the defendant would be entitled to summary judgment. *See id.* at 603, 172 P.3d at 134 (explaining that to defeat summary judgment, the nonmoving party "must transcend the pleadings and, by affidavit or other admissible

SUPREME COURT
OF
NEVADA

(O) 1947A

8

evidence, introduce specific facts that show a genuine issue of material fact").

Here, however, the expert declaration Dr. Ramos presented to support her summary judgment motion did not conclusively negate the statutory presumption of negligence or show a lack of evidence for the presumption to apply. It merely created a material factual dispute for trial on the issue of negligence, which would otherwise be presumed. Because we conclude that a genuine issue of material fact exists on the issue of negligence, we reverse the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

_____, J.
Cadish

We concur:

_____, J.
Parraguirre

_____, J.
Hardesty

SUPREME COURT
OF
NEVADA

(O) 1947A