# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID ALVAREZ VENTURA,
Appellant,
vs.
JOHN H. GANSER, M.D. LIC #9279;
AND GOMEZ, KOZAR, MCELREATH
AND SMITH, A PROFESSIONAL
CORPORATION,
Respondents.

No. 81850



FILED

JUN 3 0 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in a medical malpractice matter. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

Appellant David Alvarez Ventura filed a medical malpractice action alleging that respondent John H. Ganser, M.D., left a foreign object in him during a 2016 surgery. Therein, Ventura also made a medical malpractice claim against respondent Gomez, Kozar, McElreath and Smith (Western Surgical Group) alleging it failed to properly supervise Dr. Ganser. The district court granted respondents' motion to dismiss Ventura's complaint pursuant to NRS 41A.071 because he did not include a medical expert affidavit as required by that statute.

Ventura argues that the district court erred dismissing his complaint because he was exempt from the affidavit requirement under NRS 41A.100(1)(a)'s *res ipsa loquitur* exception regarding foreign objects. *See* NRS 41A.100(1)(a) (providing that a plaintiff is excused from attaching a medical expert affidavit to his complaint when he or she alleges "[a] foreign substance . . . was unintentionally left within the body of a patient following surgery"); *Szymborski v. Spring Mountain Treatment Ctr.*, 133

Nev. 638, 640-41, 403 P.3d 1280, 1283 (2017) (reviewing a district court dismissal order pursuant to NRS 41A.071 de novo). We disagree.

In *Szydel v. Markman*, this court explained that a plaintiff relying on NRS 41A.100(1)'s exception to the affidavit requirement faces a heightened pleading requirement to demonstrate "the prima facie requirements for a *res ipsa loquitur* case" to survive a motion to dismiss. 121 Nev. 453, 460, 117 P.3d 200, 205 (2005). The district court here correctly applied the *Szydel* standard by first examining Ventura's complaint, including the attached medical records, and then considering the contents of those records to determine whether he made a prima facie showing that his case is one for *res ipsa loquitur*. *See Baxter v. Dignity Health*, 131 Nev. 759, 764, 357 P.3d 927, 930 (2015) (providing that a district court may consider both the complaint and any exhibits attached thereto when ruling on a motion to dismiss); *see also* NRCP 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Based on our examination of the pleading and attached documentation, we conclude that the trial court correctly dismissed Ventura's pleading as to Dr. Ganser. The complaint alleged that Dr. Ganser left a foreign object in his body, but the exhibits attached thereto revealed that subsequent radiology either failed to show the presence of a foreign object or contained the radiologist's opinion that the object was unrelated to Dr. Ganser's surgery. Thus, Ventura's complaint and exhibits contain inconsistencies negating the prima facie showing necessary to proceed in a *res ipsa* case. In light of these inconsistencies, Ventura did not meet his burden under *Szydel* with respect to his claim against Dr. Ganser and was

not entitled to rely on the *res ipsa loquitur* exception to NRS 41A.071's affidavit requirement.

We also conclude that Ventura's negligent supervision claim against Western Surgical Group was not exempt from the affidavit requirement, as the failure-to-supervise allegations underlying that claim "are inextricably linked to professional negligence." *Est. of Curtis v. S. Las Vegas Med. Investors, LLC*, 136 Nev. 350, 353, 466 P.3d 1263, 1266-67 (2020) (providing that negligent supervision claims "cannot be used to circumvent NRS Chapter 41A's requirements governing professional negligence lawsuits when the allegations supporting the claims sound in professional negligence"). Because both of Ventura's claims were subject to the affidavit requirement and he filed his complaint without an accompanying expert affidavit, the district court was required to dismiss his complaint pursuant to NRS 41A.071 and did not err in doing so. *See* NRS 41A.071 ("If an action for professional negligence is filed in the district court [without an expert affidavit], the district court shall dismiss the action."). And because "a medical malpractice complaint filed without a supporting medical expert affidavit is void ab initio," we further conclude that the district court did not abuse its discretion in dismissing Ventura's complaint without leave to amend.[1] *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1304, 148 P.3d 790, 794 (2006) (concluding that "[a] complaint that does not comply with NRS 41.071 is void and must be dismissed; no amendment is permitted"); *see also Whealon v. Sterling*, 121 Nev. 662, 665, 119 P.3d 1241, 1244 (2005) (explaining that a district court's

---

[1]We note that Ventura did not seek leave to amend his complaint until after the district court granted respondents' motion to dismiss.

decision to deny leave to amend "will not be disturbed absent a showing of [an] abuse of discretion"). Based upon the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Herndon

STIGLICH, J., concurring in part and dissenting in part:

While I concur with the majority's holding regarding Ventura's negligent supervision claim, I disagree with its conclusion regarding the res ipsa loquitur exception.

I believe that the district court erred by dismissing Ventura's claim against Dr. Ganser because Ventura's complaint properly raised NRS 41A.100's res ipsa loquitur exception to NRS 41A.071's affidavit requirement. Ventura's complaint alleged that the doctrine of res ipsa loquitur applied and that Dr. Ganser left a foreign object in Ventura during the 2016 surgery. In my view, this satisfies the minimum threshold for pleading the res ipsa loquitur exception. *Cf. Peck v. Zipf*, 133 Nev. 890, 893-94, 407 P.3d 775, 778-79 (2017) (concluding that a plaintiff could not rely on NRS 41A.100's res ipsa loquitur exception where the plaintiff alleged insertion of an IV needle, rather than alleging that a foreign object was left in him during a "surgery" as the statute requires). And because Ventura's complaint satisfies NRS 41A.100's res ipsa loquitur exception, Ventura was exempt from the medical affidavit requirement.

Furthermore, I cannot agree with the majority's conclusion that dismissal was warranted because the exhibits attached to Ventura's complaint contained inconsistencies. As this court explained in *Syzdel v. Markman*, 121 Nev. 453, 459, 117 P.3d 200, 204 (2005), the res ipsa loquitur exception allows a medical malpractice claim to survive a motion to dismiss "when the plaintiff is able to present *some* evidence that one or more of the factual situations enumerated in NRS 41A.100(1)(a)-(e) exist." (Emphasis added.) True, Ventura's complaint and accompanying exhibits contain *some evidence*—such as a physician's' opinion that the foreign object "seems unlikely to be related" to Ventura's esophageal surgery—that may undermine his reliance on the res ipsa loquitur exception. But this potential inconsistency does not negate Ventura's pleadings nor the fact that *some evidence*—for example, the ultrasound report that showed the presence of the foreign object—supports a res ipsa loquitur determination. *See id.* at 459, 117 P.3d at 204; *see also* NRS 41A.100(1)(a) (providing that the res ipsa loquitur exception may apply when the provider of care leaves a foreign object in the patient's body following surgery). Furthermore, the inconsistencies to which the majority alludes are factual in nature "to be determined by [a] jury," not a judge, on a motion to dismiss. *Jaramillo v. Ramos*, 136 Nev. 134, 138, 460 P.3d 460, 464 (2020). Thus, I believe that the majority has incorrectly applied *Syzdel* to the case at bar.

I believe that the majority has erred in resolving part of this appeal, as I would have reversed the district court's dismissal with respect to the malpractice claim against Dr. Ganser. Accordingly, I respectfully dissent in part.

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

5

cc: Hon. Barry L. Breslow, District Judge
Neal S. Krokosky
Lemons, Grundy & Eisenberg
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A