IN THE SUPREME COURT OF THE STATE OF NEVADA

6224 WILDCAT BROOK TRUST; AND
KENNETH BERBERICH, AS TRUSTEE
OF 6224 WILDCAT BROOK TRUST,
Appellants,
vs.
CHRISTIANA TRUST, A DIVISION OF
WILMINGTON SAVINGS FUND
SOCITY, FSB, NOT IN ITS
INDIVIDUAL CAPACITY BUT AS
TRUSTEE OF ARLP TRUST 3,
Respondent.

No. 77930

FILED

APR 1 6 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Kerry Louise Earley, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that respondent's predecessor tendered $317.25 to Nevada Association Services, which represented 9 months of assessments.[2] *See Bank of Am., N.A. v. SFR Invs.*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Appellant contends on appeal that respondent did not prove that $317.25 represented the superpriority portion of the HOA's lien. We decline

20-14601

*Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust.[3] *Id.* at 606-09, 427 P.3d at 118-21.

Appellant contends that respondent did not offer evidence that the $317.25 check was delivered, but we disagree. Rock Jung's declaration attests that the "check was rejected by NAS and returned via runner without being cashed," which we conclude was sufficient to make a prima facie showing that the check was delivered. *Cuzze v. Univ. & Cmty. College Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007) ("If the moving party will bear the burden of persuasion, that party must present evidence that would entitled it to a judgment as a matter of law in the absence of contrary evidence."). Although appellant suggests that Mr. Jung's statement is inadmissible hearsay, appellant did not raise that argument

---

to consider that argument because appellant did not raise it below. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (recognizing that arguments raised for the first time on appeal are waived). Regardless, there is no indication in the record that the HOA incurred any maintenance or nuisance abatement charges.

[3]Appellant contends for the first time on appeal that respondent's tender "claim" is time-barred. We decline appellant's invitation to consider that argument in the first instance. *See Old Aztec*, 97 Nev. at 52, 623 P.2d at 983.

in district court, and we decline to consider it on appeal. *Old Aztec*, 97 Nev. at 52, 623 P.2d at 983. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Kerry Louise Earley, District Judge
       Ayon Law, PLLC
       Wright, Finlay & Zak, LLP/Las Vegas
       Eighth District Court Clerk