# IN THE SUPREME COURT OF THE STATE OF NEVADA

MOTOROLA SOLUTIONS, INC., F/K/A
MOTOROLA, INC., A DELAWARE
CORORATION,
Appellant,
vs.
MERCY M. ABRAHAM, AN
INDIVIDUAL,
Respondent.

No. 78965

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment in a real property and tort action.[1] Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Appellant Motorola Solutions, Inc. filed a complaint against Harold Pick and respondent Mercy Abraham, alleging claims of fraudulent transfer of real property and declaratory relief. Appellant claimed that after it had obtained a judgment against Pick, Pick purchased the real property at issue and then transferred it to Abraham for $100 in order to prevent appellant from having any interest in it. Shortly after filing the complaint, appellant recorded a notice of lis pendens on the real property. Abraham filed counterclaims against appellant for quiet title, declaratory relief, slander of title, and abuse of process, and moved for summary judgment on appellant's claims and her own. After holding hearings, the district court granted summary judgment in favor of Abraham on both appellant's claims and Abraham's counterclaims, finding appellant liable for slander of title and abuse of process. The district court specifically found

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

that appellant lacked a good faith basis for pursuing its claims against Abraham and acted with malice in recording a lis pendens on her property. The district court held a prove-up hearing and awarded damages and attorney fees and costs to Abraham. This appeal followed.

Appellant argues that the district court erred in granting summary judgment in Abraham's favor on appellant's fraudulent transfer claims. The district court specifically found that Abraham submitted evidence showing that Abraham had financed Pick's purchase of the real property by wiring $263,000 to the bank, that Pick had executed a deed of trust to secure the loan, that Pick had never made a single payment to Abraham on the loan, that Pick agreed to deed the property to Abraham to avoid foreclosure, and that he owed her over $368,000 at the time he conveyed the deed to her. The district court further found that appellant never recorded a judgment lien against the property, that Abraham had no notice of appellant's alleged judgment against Pick before or at the time of the transfer, and that appellant had presented no admissible evidence disputing any of these facts or supporting its fraudulent transfer claims. Based on the evidence submitted by Abraham, the district court concluded that the claims of fraudulent transfer failed because Pick's transfer of the property to Abraham was for a reasonably equivalent value in exchange for the transfer of the obligation, and the transfer did not make Pick insolvent but rather relieved him of the agreed-upon debt for the note. *See* NRS 112.180(1)(a)-(b) (elements of fraudulent transfer). Appellant's argument on appeal consists of a conclusory statement disagreeing with the district court's conclusion, without any cogent argument as to how the evidence in the record established the elements of appellant's claims. This is insufficient to demonstrate any error by the district court. *See Edwards v.*

*Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider issues that are not presented by cogent argument and supported by salient authority).

Appellant next argues that the district court erred in awarding damages to Abraham. The district court found that appellant was liable for damages on the slander of title claim or alternatively on the quiet title claim. Appellant contends that the acts underlying the slander of title claim, namely the recording of the lis pendens on the property, were protected by the absolute litigation privilege and thus appellant could not be liable for slander of title.[2] *See Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 382-83, 213 P.3d 496, 502-03 (2009) (discussing the absolute litigation privilege). Even assuming the litigation privilege applies, this fact alone does not warrant relief, as the district court alternatively determined that the damages were appropriate for the quiet title claim. Appellant makes no argument that it was error to award damages for the quiet title claim, nor has appellant provided an appendix with the relevant documents necessary for us to review such an argument. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) ("[A]ppellants are responsible for making an adequate appellate record."). Appellant also argues that Abraham failed to mitigate damages, as her witness, Mr. Francis, testified that they did not attempt to rent the property upon the advice of his attorneys. Though appellant cites to the transcript of the evidentiary hearing to support its argument,

---

[2]To the extent appellant argues that it could not be liable for slander of title because Abraham did not establish the malice element of her slander of title claim, the district court made specific findings of malice and appellant fails to point to any evidence in the record creating an issue of material fact in this regard. *See id.*

appellant has not provided this court with an appendix containing the transcript. *See id.* ("When an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision."). Moreover, appellant fails to provide any legal authority to support his argument. *See Edwards*, 122 Nev. at 330 n.38, 130 P.3d at 1288 n.38 (declining to consider issues when relevant authority is not presented).

Finally, appellant argues that the district court erred in awarding attorney fees to Abraham. Appellant's argument appears to be that the award was erroneous because NRS 18.010(2)(a) requires a money judgment before a prevailing party may recover attorney fees. But this argument ignores the fact that there was a money judgment in this case. Furthermore, the district court's findings support an award pursuant to NRS 18.010(2)(b), which allows for attorney fees "[w]ithout regard to the recovery sought, when the court finds that the claim . . . was brought or maintained without reasonable ground or to harass the prevailing party." The district court explicitly found that appellant lacked a good faith basis for pursuing its claims against Abraham, it had knowledge of the lack of a good faith basis before filing its complaint, its filing of the lis pendens was done with malice, and it failed to present any proper evidence to support its claims. Appellant provides no cogent argument regarding these findings or the evidence in the record. Given that the district court's findings and conclusions support the award of attorney fees and costs, appellant fails to demonstrate that the award was an abuse of discretion.[3] *See Edwards*, 122

---

[3]Appellant also challenges the award of costs for Abraham's expert witness, asserting that the testimony was not necessary because the loss of

Nev. at 330, 130 P.3d at 1288 (reviewing a district court award of attorney fees for a "manifest abuse of discretion" (internal quotation marks omitted)).

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Nancy L. Allf, District Judge
Kristine M. Kuzemka, Settlement Judge
Kung & Brown
Mazur & Brooks, A PLC
Mercy M. Abraham
Eighth District Court Clerk

---

rental income was not an issue. However, this assertion appears to be belied by the record, as the district court's award of damages to Abraham was based on the fair market rental rate of the property. In any event, appellant's failure to provide the transcript of the evidentiary hearing in the appellate record requires us to presume that the award of costs was proper. *See Cuzze*, 123 Nev. at 603, 172 P.3d at 135.