IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| RODNEY K. BALINSKI, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>OCWEN FINANCIAL CORPORATION; OCWEN LOAN SERVICING, LLC; AND WRIGHT, FINLAY & ZAK, LLP,<br>Respondents. | No. 80040<br><br>FILED<br><br>APR 16 2021<br><br>ELIZABETH ... ...<br>CLERK OF ... ... ...<br>BY ...<br>DEPUTY CLERK |

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in a contract action.[1] Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Appellant Rodney Balinski contends that the district court erred by granting summary judgment in favor of respondents and by denying his countermotion for an NRCP 56(d) continuance to conduct discovery.[2] We disagree.

First, as to summary judgment, Balinski has not identified in his opening brief any evidence in the record that would have created a genuine issue of material fact as to respondents' compliance with the settlement agreement that would support his breach-of-contract-based

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]In his jurisdictional statement Balinski also indicates he appeals the district court's order granting attorney fees and costs, but as he fails to advance any arguments on that point, we do not consider it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (we need not consider issues not adequately briefed, not supported by relevant authority, and not cogently argued).

claims, or any fraud or misrepresentation by respondents that would support his tort-based claims. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) (stating that if the nonmoving party bears the burden of persuasion on an issue, the moving party is entitled to summary judgment when "there is an absence of evidence to support the nonmoving party's case" (internal quotation omitted)). Moreover, even had Balinski referenced specific evidence, Balinski failed to file an appendix with his opening brief as required by NRAP 30(b)(3), and we presume the missing records support the district court's decision.[3] *See Cuzze*, 123 Nev. at 603, 172 P.3d at 135 (recognizing that appellant is responsible for making an adequate appellate record). We therefore conclude that summary judgment was proper. *See id.* at 602, 172 P.3d at 134 (reviewing de novo an order granting summary judgment).

Second, we are not persuaded by Balinski's contention that the district court abused its discretion by denying his request for an NRCP 56(d) continuance to conduct additional discovery. *See Aviation Ventures, Inc. v. Joan Morris, Inc.*, 121 Nev. 113, 118, 110 P.3d 59, 62 (2005) (reviewing the decision to deny a continuance for an abuse of discretion). Given the timing

---

[3]Respondents' appendix includes some of the parties' motions practice, including respondents' exhibits to their summary judgment motion, which support the district court's decision. Notably, Balinski's opposition to summary judgment did not establish any essential elements of his claims or refute respondents' evidence showing that they complied with the agreement and did not engage in fraud or misrepresentation. To the extent Balinski argues otherwise, we are not persuaded that there is any basis for reversal. *See Cuzze*, 123 Nev. at 603, 172 P.3d at 135 (observing that "[w]hen an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision").

of the request and the fact that over a year earlier respondents claimed they refuted Balinski's claims and complied with the settlement agreement, and yet Balinski did nothing to propound discovery in the meantime, the district court was well within its discretion to deny the request.[4]

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:  Chief Judge, Eighth Judicial District Court
     Department 2, Eighth Judicial District Court
     Janet Trost, Settlement Judge
     Brandon L. Phillips, Attorney At Law, PLLC
     Wright, Finlay & Zak, LLP/Las Vegas
     Eighth District Court Clerk

---

[4]Moreover, Balinski's request for additional discovery failed to "express[ ] how further discovery will lead to the creation of a genuine issue of material fact." *Aviation Ventures*, 121 Nev. at 118, 110 P.3d at 62.