## IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT N. PECCOLE; NANCY A. PECCOLE, INDIVIDUALS; AND ROBERT N. AND NANCY A. PECCOLE TRUST,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JERRY A. WIESE, DISTRICT JUDGE,
Respondents,
and
FORE STARS, LTD., A NEVADA LIMITED LIABILITY COMPANY; 180 LAND CO., LLC, A NEVADA LIMITED LIABILITY COMPANY; SEVENTY ACRES, LLC, A NEVADA LIMITED LIABILITY; AND EHB COMPANIES, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Real Parties in Interest.

No. 82593

FILED

SEP 21 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging a district court order denying a motion to dismiss a tort action.

Having considered the petition and supporting documentation, we are not persuaded that our extraordinary and discretionary intervention is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted); *Smith v. Eighth Judicial Dist.*

 
21-27293

*Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition).

Assuming without deciding that EDCR 7.10(b) prohibits a district court from exercising "subject matter jurisdiction" over a case whenever one of its orders might contradict a different district court's order in a different case,[1] the order that petitioners challenge plainly sets forth a means by which relief could be granted on each of real party in interest's claims that would not conflict with any prior ruling in the *Binion* matter. Although petitioners cite to three paragraphs of the complaint that arguably suggest otherwise, they did not include the entire complaint in their appendix, and it is apparent from the challenged order that the respondent district court based its decision on different allegations in the complaint. *Cf. Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (observing that it is a party's responsibility for providing an adequate record for this court's review and that when a portion of the record is missing, "we necessarily presume that the missing portion supports the district court's decision"). Accordingly, petitioners have failed to establish that they are entitled to a writ of mandamus, *see Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1197 (2020) (stating conditions requisite to mandamus relief including that petitioners have a legal right to the act the petition seeks to compel, respondent has a plain duty to perform such act, and the absence of an alternate legal remedy), or that respondent has clearly exceeded its

---

[1]The text of EDCR 7.10(b) suggests that it would be inapplicable in such a scenario, but because petitioners have not addressed that issue, we do not definitively resolve this petition based on that issue.

jurisdiction, *see* NRS 34.320 (providing that a writ of prohibition is available to restrain a tribunal's proceedings that "are without or in excess of [its] jurisdiction"). We therefore

ORDER the petition DENIED.

_____ , J.
Stiglich

_____ , J.
Cadish

_____ , J.
Herndon

_____ , Sr. J.
Gibbons

_____ , Sr. J.
Saitta

cc: Hon. Jerry A. Wiese, District Judge
Peccole & Peccole, Ltd.
EHB Companies, LLC
Sklar Williams LLP
Eighth District Court Clerk